**Charlene BUSH, wife; John Bush, husband, Plaintiffs–Appellants,**

**v.**

**David RAUCH; D. Brad Campbell, individually and officially, Defendants–Appellees.**

Nos. 93–2101, 93–2291.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 22, 1994.

Decided Oct. 26, 1994.

Grant W. Parsons (briefed), Dettmer, Thompson & Parsons, Traverse City, MI, for plaintiffs-appellants.

Gretchen L. Olsen (briefed), Steve L. Barney, Michael J. Beale, Plunkett & Cooney, Petoskey, MI, for defendants-appellees.

Before: BROWN, MARTIN, and BOGGS, Circuit Judges.

BAILEY BROWN, Circuit Judge.

In this civil rights action under 42 U.S.C. § 1983, Plaintiffs–Appellants John and Charlene Bush appeal the district court's grant of summary judgment in favor of Defendant–Appellee, D. Brad Campbell, both in his individual and official capacity. With respect to the individual capacity claim, the Bushes contend that Campbell is not entitled to immunity from suit. With respect to the official capacity claim, the Bushes contend that since the caption in the complaint included Campbell in his "official capacity as Charlevoix County Probate Court Administrator," the district court erred in refusing to recognize Charlevoix County as a co-defendant. The Bushes finally contend that the district court wrongfully denied their request for further discovery. We conclude that Campbell is entitled to quasi-judicial immunity, that the district court did not err in ruling that Charlevoix County was not a proper co-defendant, and that the Bushes were not entitled to further discovery.[1] We **AFFIRM.**

## I.

John and Charlene Bush operate a non-secure detention home for juvenile offenders in Charlevoix County, Michigan. These facilities provide housing for juveniles as an alternative to the normal jail environment until further judicial proceedings are completed.[2] The Bush detention facility, although located in Charlevoix County, accepts juveniles from both Charlevoix County and the neighboring county of Emmet. Charlevoix and Emmet Counties typically cooperate and collaborate on juvenile detention matters inasmuch as the same probate judge presides in both counties.

David C. Rauch ("Rauch") is an Emmet County Probate Administrator who also serves as Referee of the Juvenile Division of the Emmet County Probate Court. In July 1990, acting as Referee, Rauch presided over a preliminary hearing involving Randy Baker, a 14–year–old juvenile. During the course of the preliminary hearing, Rauch determined that the juvenile should be held over in pre-trial detention. Rauch found, based on the evidence and recommendations presented at the hearing, no indications of assaultive behavior, and therefore ordered that the juvenile be placed in the Bush non-secure detention home.

Upon the conclusion of the hearing, Rauch contacted Defendant–Appellee, D. Brad Campbell, a Charlevoix County Probate Court Administrator,[3] regarding the execution of the placement. In accordance with the guidelines of Charlevoix County, Campbell conducted an initial "assessment" procedure which consisted of completing a check-

---

1. The district court determined that Rauch was entitled to judicial immunity, and dismissed the claim against him. The Bushes have not appealed this dismissal.

2. Under the Juvenile Justice and Delinquency Prevention Act of 1974, the federal government provides funds to the Michigan Office of Criminal Justice ("OCJ"). The OCJ then enters into "grant" contracts with grantees who agree to administer programs which will provide an alternative to jailing juveniles at the pre-trial deten-

tion stage. In October 1989, Charlevoix County became a grantee and the Charlevoix County Juvenile Court was named the implementing agency.

3. Like his counterpart Rauch in Emmet County, Campbell's duties ranged from administrative responsibilities to serving as Referee in the Juvenile Division of the Charlevoix County Probate Court.

list of questions to determine primarily the juvenile's level of aggression. The purpose of this inquiry is, among other things, to "classify" whether the juvenile is high risk, aggressive, or assaultive, so that appropriate terms and conditions of placement can be made. Charlevoix County by the guidelines had expressed clear "objectives" that, for example, children classified as aggressive were not to be assigned together, and children classified as assaultive or threatening were to be accompanied by an overnight attendant. Campbell completed this checklist based on the findings made in Rauch's court order, and the representations made in their phone conversation. In accordance with the order, the juvenile was placed in the Bush detention home.

Shortly after the placement, the juvenile physically assaulted and injured Charlene Bush. An investigation conducted after the incident revealed that the juvenile did in fact have a history of violent behavior.

The rather complicated procedural history in this case began on April 14, 1992, when the Bushes initially brought suit against Referee Rauch, in his individual and official capacity, regarding the placement of the juvenile at the Bush non-secure detention facility. The Bushes sought compensatory and punitive damages for 1) gross negligence on state law grounds, and 2) federal civil rights violations under 42 U.S.C. § 1983. During discovery, Campbell's involvement was brought to light, and with the court's permission, the Bushes amended their complaint to add him as a co-defendant both "individually, and also in his official capacity, as Charlevoix County Probate Court Administrator." The summons and complaint were served only upon Campbell, however, and at the time of service, Campbell no longer served in that capacity in Charlevoix County.

Rauch first moved for summary judgment based upon absolute judicial immunity. The district court agreed, concluding that since Rauch made an adjudicative determination that the youth should be placed at the Bush non-secure detention home, any alleged claim

arising from the exercise of that "judicial function" was barred by his absolute judicial immunity. As stated, this decision was not appealed.

Mirroring Rauch, Campbell moved for summary judgment on the basis of absolute quasi-judicial immunity, which the district court granted. The district court held that Campbell acted as an adjunct to Referee Rauch and was entitled to quasi-judicial immunity. The Bushes responded by filing a Motion for Relief From Judgment seeking reconsideration, or alternatively, permission to amend the pleadings under FED.R.CIV.P. 15(b) to conform to the litigated issues. The court granted the motion, vacating the court order in part and allowing the Bushes to amend their complaint a second time.

In the second amended complaint, the Bushes abandoned all claims against Rauch and instead shifted the focus of their action to Campbell alone. Although it is inconsistent with assertions made by Mrs. Bush in her prior affidavit, the Bushes were no longer challenging the actual placement of the juvenile in the Bush facility, but rather, the terms and conditions of the placement—specifically the failure to provide notice and an overnight attendant.[4]

More importantly, however, for the first time, the Bushes expressly mentioned and addressed a "co-defendant Charlevoix County." The second amended complaint alleged that Charlevoix County "adopted a policy of providing insufficient security, insufficient notice of risk, and/or insufficient payment to operators in an attempt to save money." The court, however, now having to address new discovery requests, felt "misled" by the earlier representations of the Bushes' counsel and did not consider the new allegations regarding Charlevoix County. The district court reiterated that the previous order, which permitted the Bushes to amend their complaint, was limited in scope, and in the court's opinion, the assertions made in the second amended complaint went beyond that scope. As a result, the district court vacated its order permitting the Bushes to amend,

---

4. Mrs. Bush stated in her prior affidavit: "Had my husband and I been given this information, we would not have accepted Randy Baker for placement in our home and we would have requested that an alternative placement be found." J.A. at 204 (Bush Affidavit).

and reinstated its previous order granting summary judgment in full to Campbell. In doing so, the new allegations in the second amended complaint became moot. The Bushes again filed a Motion for Relief From Judgment under FED.R.CIV.P. 60, contending that the district court erred in dismissing the entire claim inasmuch as a colorable claim remained against Charlevoix County. The district court denied the motion, finding that the Bushes' counsel was again attempting to mislead the court regarding the true nature of the action. The district court, therefore, refused to recognize Charlevoix County as a co-defendant.

## II.

The Bushes then appealed, raising the following issues:

1. Did the district court err in granting Campbell, in his individual capacity, absolute immunity, finding his acts were "quasi judicial" in nature?

2. Did the district court err in refusing to recognize Charlevoix County as a proper co-defendant?

3. Did the district court err by granting summary judgment without permitting further discovery by the Bushes?

## III.

### The Individual Capacity Suit

We first address the question whether the district court appropriately granted summary judgment to Campbell in his individual capacity. The district court concluded that Campbell was acting as an adjunct to Rauch, and as an integral part of the judicial process, Campbell was entitled to absolute immunity.

The Bushes contend that Campbell's placement of juveniles and assignment of attendants are not judicial functions and that Campbell did not act as a judge or hold hearings when making determinations regarding the juvenile. The Bushes assert, therefore, that since Campbell was acting in his administrative capacity, the court erred in granting Campbell absolute immunity. The Bushes further assert that, according to

the district court's ruling, "virtually every act Campbell could perform is immune ... simply because Campbell is employed by the County Probate Court." *Appellant's Brief* at 23.

Campbell responds, claiming that although he was not acting in a judicial capacity, his acts should still be considered quasi-judicial in nature. Campbell contends that absolute judicial immunity extends to acts related to executing or enforcing court orders according to their terms.

### Standard of Review

Review of a grant of summary judgment is de novo, utilizing the same test used by the district court to determine whether summary judgment is appropriate. *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 887 (6th Cir.1993). Moreover, when reviewing a summary judgment decision, an appellate court must confine its review of the evidence to that submitted to the district court. *Landefeld v. Marion Gen. Hosp.,* 994 F.2d 1178, 1181 (6th Cir.1993).

In reviewing a motion for summary judgment, the court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," presented by both parties, drawing all reasonable inferences in a manner most favorable to the non-moving party. FED.R.CIV.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). A court shall render summary judgment when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. *See LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993); *United States v. TRW, Inc.,* 4 F.3d 417, 423 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

### A. Absolute quasi-judicial immunity

It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Foster v. Walsh,* 864 F.2d 416 (6th Cir.1988). Moreover, absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties.[5] *Joseph v. Patterson,* 795 F.2d 549, 560 (6th Cir.1986), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987); *Johnson v. Granholm,* 662 F.2d 449 (6th Cir.1981), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Scruggs v. Moellering,* 870 F.2d 376 (7th Cir.), *cert. denied,* 493 U.S. 956, 110 S.Ct. 371, 107 L.Ed.2d 357 (1989).

The Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity. *Forrester v. White,* 484 U.S. 219, 224, 108 S.Ct. 538, 542–43, 98 L.Ed.2d 555 (1988); *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991). Under this approach, a court "looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons,* — U.S. —, —, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993)(quoting *Forrester,* 484 U.S. at 229, 108 S.Ct. at 545). For example, a prosecutor who undertakes acts in the preparation or initiation of judicial proceedings is entitled to absolute immunity. *Id.* On the other hand, when a prosecutor performs administrative acts unrelated to judicial proceedings, qualified immunity is all that is available. *Id.*

Consequently, the central issue before us necessarily becomes whether Campbell's acts in question can be considered judicial in nature. Rauch was acting in his judicial capacity in issuing the order. Moreover, the record affirmatively shows that Rauch's order expressly required "non-secure detention pending further hearing at the *Bush* non-secure detention facility." *J.A.* at 205 (emphasis added). Thus, since the Bush detention facility is located in Charlevoix County, Campbell's involvement necessarily arose in the execution of the order. The district court found that, although Campbell was not acting in a judicial capacity when he assisted in the placement, he was nevertheless acting as an arm of the court in carrying out the court order of Referee Rauch. Thus, the district court concluded that such actions constitute "basic and integral parts of the judicial function," and held that absolute quasi-judicial immunity applied to Campbell.

We agree with the district court. As other circuits have held, enforcing or executing a court order is intrinsically associated with a judicial proceeding. *See, e.g., Patterson v. Von Riesen,* 999 F.2d 1235, 1240–41 (8th Cir.1993) (warden); *Coverdell v. Department of Social and Health Servs.,* 834 F.2d 758 (9th Cir.1987) (social worker); *Henry v. Farmer City State Bank,* 808 F.2d 1228 (7th Cir.1986) (sheriff); *Tarter v. Hury,* 646 F.2d 1010 (5th Cir.1981) (court clerks). Our decision in *Foster v. Walsh,* 864 F.2d 416 (6th Cir.1988), is analogous. In *Foster,* police officers arrested a motorist pursuant to an outstanding warrant for failing to pay a traffic fine. The warrant was issued in error, however, since the motorist did in fact pay the fine. The motorist brought suit under § 1983 against the court referee, the clerk of court, and the issuing municipal court itself. With respect to the court clerk, the *Foster* court found that the clerk's issuance was a "truly judicial act" because the judge directed the act, and held the clerk immune from liability. *Id.* at 417–18.

---

**5.** The United States Supreme Court has recognized the need for government officials to be able to make impartial decisions without the threat of personal liability for actions taken pursuant to their official duties. *See, e.g., Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)(agency attorney); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)(judge); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors); *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) (legislators).

■ Moreover, officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function. It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings. This would result in the official second-guessing the judge who is primarily responsible for interpreting and applying the law.

### B. Qualified immunity

■ Even if we assume that absolute immunity is not applicable, Campbell is at the least entitled to qualified immunity. When a defendant moves for summary judgment based on qualified immunity, a plaintiff's claim must effectively pass two tests. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1043 (6th Cir.1992). First, the allegations must assert that the defendant violated a clearly established constitutional or statutory right. Second, the plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law. *Id.*

■ Government officials are generally entitled to qualified immunity and are protected from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). For a right to be clearly established,

> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). To find a clearly established right, a district court must find binding precedent by the Supreme Court, its court of appeals, or itself.

*Ohio Civil Serv. Employees Assoc. v. Seiter*, 858 F.2d 1171 (6th Cir.1988).

■ In the instant case, Campbell is at the least entitled to qualified immunity. The Bushes have not affirmatively articulated, nor does the record indicate, any clearly established right allegedly violated by Campbell. Campbell executed Rauch's court order. In the process of determining the need of attendants and other placement issues, Campbell relied on the findings and representations of Rauch. Campbell acted in obedience to the court order. The facts presented are insufficient to establish that the conduct of Campbell was in any way violative of any clearly established right.

### IV.

### *The Official Capacity Suit*

We next turn to whether the district court erred in refusing to recognize Charlevoix County as a proper co-defendant. The Bushes claim that the suit against Campbell in his "official" capacity constituted a suit against Charlevoix County, and since municipalities are not entitled to the defense of immunity, the district court was in error.

Campbell responds that he was no longer employed as Charlevoix County Probate Court Administrator at the time the Bushes filed the first amended complaint joining him as a defendant. Thus, if the Bushes sought to sue Charlevoix County, they failed to sue a proper county official in his official capacity.

### *Standard of Review*

■ A district court's denial of a Rule 60 motion for relief from judgment is reviewed only for abuse of discretion. *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1224 (6th Cir.1991). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir.1988), *cert. denied*, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989).

The distinction between individual capacity and official capacity suits has been addressed by the United States Supreme Court on numerous occasions. In *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878

(1985), the plaintiff brought a § 1983 action against a police officer for assault. The plaintiff also sued the Director of the Police Department in his "official" capacity. The City of Memphis argued that the suit was against the Director and not against the city. The Supreme Court in *Brandon,* however, simply held that a judgment against an official " 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Brandon,* 469 U.S. at 471–72, 105 S.Ct. at 878. That same year, the Supreme Court decided *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), reaffirming the proposition that official capacity suits "generally represent only another way of pleading an action against the entity of which an officer is an agent." *Id.* at 165, 105 S.Ct. at 3105 (quoting *Monell v. Department of Social Servs.,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). Relevant to our inquiry, the Court went on to note: "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, n. 14, 105 S.Ct. at 3106, n. 14.

After a careful review of the record before us, we find that *Brandon* and *Graham* lend no support to the Bushes, and conclude that the district court did not err in refusing to recognize Charlevoix County as a co-defendant. If the Bushes did in fact seek to include Charlevoix County as a defendant, they named an incorrect party. At the time the first amended complaint was filed, Campbell no longer served as Probate Court Administrator for Charlevoix County. Thus, Campbell was no longer an agent of Charlevoix County. The complaint fails under *Brandon* and *Graham,* therefore, inasmuch as the Bushes failed to sue Charlevoix County itself, or a proper Charlevoix County official in his official capacity.

Moreover, nothing in the record indicates that Charlevoix County either received notice of the specific claim, or had an opportunity to respond, as required by *Brandon.* The Su-

preme Court considered this requirement obvious since notice ensures that the government entity can defend itself against a suit in which it is the real party in interest. The Return of Service indicates that Campbell was personally served but makes no mention of Charlevoix County. The district court docket sheet does not reflect that a separate summons was issued for the purported second defendant as required by FED.R.CIV.P. 4(b). Charlevoix County was never properly served and was not a proper co-defendant before the court.

### V.

We finally turn to whether the district court erred by granting summary judgment to Campbell without permitting further discovery by the Bushes. The Bushes contend that the district court erred in denying them the right to further discovery. Their contention is without merit.

A district court's decision on whether to grant additional discovery under Rule 56(f) before consideration of a summary judgment motion is reviewed for an abuse of discretion. *Glen Eden Hosp., Inc. v. Blue Cross and Blue Shield of Michigan, Inc.,* 740 F.2d 423 (6th Cir.1984). Absolute judicial immunity, as well as qualified immunity, refers to protection from suit and not simply the assessment of liability. *Poe v. Haydon,* 853 F.2d 418 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). Since we agree with the trial court that Campbell was entitled to quasi-judicial immunity, summary judgment was properly entered without allowing further discovery.

### VI.

For the reasons stated above, we AFFIRM the grant of summary judgment in favor of the Appellee.[6]

---

**6.** It should be noted that it was not entirely clear

in the litigation below as to precisely what feder-

al constitutional right the Bushes claim was violated. They do allege in their first amended complaint that their rights under the Fourteenth Amendment were violated. It appears to us that the only right the Bushes could have been relying on under the Fourteenth Amendment is that of "substantive due process." It does not appear, however, that the Bushes have presented a viable claim under the Fourteenth Amendment. *See Lewellen v. Metropolitan Gov't,* 34 F.3d 345 (6th Cir.1994). In any event, it is clear that, under the circumstances presented, we need not determine whether the Bushes have alleged a violation of their substantive due process rights since we determined that the district court properly held that Campbell had absolute immunity.