70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank PERRY, Plaintiff-Appellee,
v.
Alvin T. CROUCHER, et al., Defendants-Appellants.
 No. 94-3385.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court denied the defendants' claim of absolute quasi-judicial immunity. We affirm.
 
 I.
 
 2
 In 1985, plaintiff-appellee Frank Perry and other Moreland Hills (Ohio) police officers suspected that defendant-appellant Alvin T. Croucher (the mayor of Moreland Hills) and Charles M. Clark (Moreland Hills' Chief of Police) might be engaged in illegal pursuits. After police officer Norman C. Hadad (with Perry's approval) notified one of the local television station's investigative news "teams" of his suspicions, officers Perry and Hadad investigated Mayor Croucher and Chief Clark's questionable conduct. When Mayor Croucher and Chief Clark learned of Perry's activities, they demanded that he cease his investigation; Perry, in turn, demanded that Mayor Croucher and Chief Clark abandon their criminal conduct. Perry and Hadad subsequently informed the Cuyahoga County Prosecutor of their suspicions.
 
 
 3
 On October 31, 1985, Perry learned of a pre-termination hearing to be held the following morning before Mayor Croucher.[1] Following Perry's pre-termination hearing, Mayor Croucher terminated Perry's employment[2] subject to the Moreland Hills Village Council's approval. On November 27, 1985, the Council approved Perry's termination.[3] Perry asserts, on appeal, that Mayor Croucher secretly met with the Council members prior to the November hearing to arrange Perry's termination in retaliation for his investigation.
 
 
 4
 On June 10, 1986, Perry initiated this action alleging that he lost his job in retaliation for his investigative activities and grand jury testimony. Perry seeks both legal and equitable relief against defendants-appellants Mayor Croucher,[4] the Village of Moreland Hills, and the members of the Moreland Hills Village Council.[5]
 
 
 5
 On August 4, 1986, the defendants filed a motion to dismiss Perry's complaint asserting, inter alia, that the Council members are entitled to quasi-judicial immunity. On February 9, 1990, prior to a ruling on their motion to dismiss, the defendants filed a motion for summary judgment. Though the magistrate judge dismissed Perry's conspiracy claims (pursuant to 42 U.S.C. Secs. 1985 and 1986) on March 4, 1994, Perry's section 1983 claims survived defendants' motions. Specifically, the magistrate judge held (in relevant part):
 
 
 6
 [D]efendants argue that the six members of the Moreland Hills Village Council who affirmed Mayor Croucher's decision to terminate Perry acted in a quasi-judicial capacity and are therefore absolutely immune from suit. Employment decisions, however, are administrative in nature, and the decision-maker is not entitled to legislative or judicial immunity. In fact, not even judicial officers enjoy immunity from wrongful termination of employee staff members. Employee termination is not a judicial function and consequently the six members of the Village Council cannot claim protection under quasi-judicial immunity.
 
 
 7
 Magistrate Judge's Memorandum Opinion at 6 (citations and footnote omitted).
 
 
 8
 The defendants filed a timely notice of appeal.
 
 II.
 
 9
 "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994) (citations omitted). Absolute judicial immunity has also been extended to non-judicial officers who perform "quasi-judicial" duties. Id. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Id. (citation omitted). The Supreme Court has endorsed a "functional" approach for determining whether an official is entitled to absolute immunity. "Under this approach, a court 'looks to the nature of the function performed, not the identity of the actor who performed it.' " Id. (citations omitted).
 
 
 10
 In Cleavinger v. Saxner, 474 U.S. 193 (1985), the Supreme Court articulated the factors to be considered when determining whether an official is entitled to quasi-judicial immunity: the need to assure that the official can perform his functions without harassment or intimidation; the presence of safeguards that reduce the need for private actions as a means of controlling unconstitutional conduct; insulation from political influence; the importance of precedent; the adversary nature of the process; and, the correctability of error on appeal. Id. at 202.
 
 
 11
 Though the Council members argue that their actions were quasi-judicial in nature,[6] "[j]udges may perform many official acts which are not judicial acts." Guercio v. Brody, 814 F.2d 1115, 1117 (6th Cir.1987) (citation omitted), cert. denied, 484 U.S. 1025 (1988). For example, "[m]embers of the judicial, legislative, and executive branches routinely engage in the task of hiring and firing confidential personnel." Id. at 1119. "This is an administrative act common to all branches of government and the private sector, not 'the type of act normally performed only by judges.' " Id. Indeed,
 
 
 12
 [t]he integrity and independence of judicial decisionmaking is in no way impaired if judges are called to account for their personal decisions. Liability for wrongful personnel decisions would not have a chilling effect on the judicial decisionmaking process. Although a judge may exercise discretion and judgment in firing a secretary, it is not the kind of discretion directly connected to independent decisionmaking in the adjudication process which is a paramount concern of the judicial immunity doctrine.
 
 
 13
 Id. at 1120 (footnote omitted).
 
 
 14
 The record reveals that the Moreland Hills Village Council members are not entitled to quasi-judicial immunity in this action at this time because the Council members arguably failed to conduct themselves in a quasi-judicial manner. Specifically, Perry alleges that, prior to his dismissal, the Council members met secretly with Mayor Croucher where they agreed to uphold Perry's termination if appealed to them. Accordingly, Perry asserts that the Council's subsequent hearing to consider his appeal, though judicial in its appearance, was a charade because the Council members' vote had been predetermined by their participation in the initial decision to terminate his employment. Because an "official seeking absolute immunity bears the burden of showing that such immunity is justified," Burns v. Reed, 500 U.S. 478, 486 (1991), and because the Moreland Hills Village Council members failed to do so, the district court properly rejected the defendants' claim of absolute quasi-judicial immunity.
 
 
 15
 Accordingly, we AFFIRM.
 
 
 16
 ALAN E. NORRIS, concurring.
 
 
 17
 I concur with the conclusion reached in the majority opinion, that the order of the district court must be affirmed, since the record would not at this time support a finding that council members are entitled to quasi-judicial immunity.
 
 
 18
 If Perry's allegations, summarized in the last paragraph of the majority opinion, represent the true facts of the matter, then the council cannot be said to have conducted itself as a quasi-judicial body engaged in reasoned decision-making. See Cleavinger v. Saxner, 474 U.S. 193 (1985). There could have been no principled review of Perry's conduct and the mayor's just cause determination, if the council itself took part in the initial determination to terminate Perry.
 
 
 19
 Accordingly, it appears that any decision concerning defendants' qualifying for absolute immunity on the basis of performing a quasi-judicial function will have to await further development of the factual record.
 
 
 
 [1]
 Perry asserts that, after being served with a subpoena to appear before the Cuyahoga County Grand Jury on October 31, 1985, Mayor Croucher warned him that he had to choose between testifying before the grand jury and his continued employment as a Moreland Hills police officer
 
 
 [2]
 Specifically, Mayor Croucher asserted that Perry's refusal to terminate the criminal investigation constituted insubordination
 
 
 [3]
 Officer Hadad's employment was also terminated
 
 
 [4]
 Though Perry claims (in his appellate brief) that Chief Clark is a defendant in this action, Chief Clark was not named in Perry's complaint
 
 
 [5]
 The Council members named in Perry's complaint are Charles S. Mellen, Robert K. Ashton, Ronald Gymer, Diane B. Commes, Janet F. Narten, and John R. Elliott
 
 
 [6]
 "The Council members held a hearing at which Perry was represented by two attorneys, cross-examined the Mayor's witnesses and presented testimony and exhibits on Perry's behalf. The Council members therefore were acting in a quasi-judicial capacity in hearing Perry's appeal from the Mayor's decision to terminate his employment and are therefore entitled to absolute immunity." Appellants' Brief at 7