74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary SMITH; and William Morrison Smith, Plaintiffs-Appellants,
v.
CITY OF BAD AXE; David Miller, Officer; County of Huron;
and Carol Henny, Defendants-Appellees,
Four Seasons Health Care Center; et al., Defendants.
 No. 94-1783.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1996.
 
 Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Plaintiffs William and Mary Smith appeal from an order of the district court granting judgment to defendants in this 42 U.S.C. Sec. 1983 action.
 
 
 2
 The district court rendered judgment pursuant to a motion to dismiss. Fed.R.Civ.P. 12(b)(6). We review the district court's decision de novo. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). Furthermore, the allegations of the complaint must be construed in a light most favorable to plaintiffs. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). Unless it is clear that plaintiffs can prove no set of facts that would support their claim, dismissal is improper. Id.
 
 
 3
 Plaintiffs, who are husband and wife, suffer from cerebral palsy. On February 10, 1992, Mary Smith was admitted to Huron Memorial Hospital in Huron County, Michigan, with respiratory problems. While a patient at Huron Memorial, she was treated by Dr. Kenneth Kube. Ten days later, Mrs. Smith was discharged. However, Dr. Kube determined that William Smith was incapable of caring for his wife and therefore arranged for her to be transferred to a nursing home.
 
 
 4
 Both plaintiffs requested that Mrs. Smith be permitted to return home. The nursing home denied these requests and, on March 6, William Smith took his wife home over the objections of the nursing home staff.
 
 
 5
 The same day, a social worker employed by the nursing home filed a petition in probate court requesting that a temporary guardian be appointed for Mary Smith because "[her] husband has cerebral palsy himself and is incapable of caring for [Mary Smith] who requires total care." In response, the probate court appointed defendant Carol Henny, a social worker employed by Huron County, temporary guardian of Mrs. Smith with the power to "make arrangements for Mary to return to a nursing home, and consent to medical treatment and/or hospitalization, if necessary."
 
 
 6
 With this order in hand, Henny enlisted the help of defendant David Miller, a police officer employed by defendant Bad Axe, Michigan. Plaintiffs allege that Henny and Miller "forcibly removed [ ] Mary Smith from her home and returned her back to the nursing home against her will."
 
 
 7
 The following week counsel for the Smiths filed a successful petition to set aside the guardianship. Mary Smith was then released from the nursing home.
 
 
 8
 As a result of these events, plaintiffs filed a seven-count complaint in federal court against eleven defendants. Federal jurisdiction was premised solely upon the Sec. 1983 count, which alleged violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Only the dismissal of the claims against individual defendants Miller and Henny, as well as municipal defendants County of Huron and City of Bad Axe, are challenged on appeal.
 
 
 9
 We turn first to the entry of judgment in favor of defendant Carol Henny. The district court dismissed the federal claim against her because it found her to be shielded by quasi-judicial immunity. We agree.
 
 
 10
 As this court has noted, "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994). Enforcement of a court order is intrinsically associated with a judicial proceeding. Id. (citing Coverdell v. Department of Social and Health Servs., 834 F.2d 758, 764-65 (9th Cir.1987) (social worker enjoys absolute, quasi-judicial immunity when executing valid court order)); accord Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir.1984) (absolute immunity for social worker prosecuting child neglect and delinquency petitions).
 
 
 11
 With the benefit of hindsight, one may well question the decision to seek a temporary guardianship of plaintiff in the first place. However, such second-guessing does not undercut the validity of the probate court's order. Because Henny acted within the scope of this order, she is cloaked with absolute immunity and we therefore affirm the district court's entry of judgment in her favor.
 
 
 12
 A similar analysis applies to defendant Miller's affirmative defense of qualified immunity, which shields governmental officials from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Like Henny, Miller acted within the scope of a valid court order when he assisted in the removal of Mrs. Smith from her home and plaintiffs have not alleged any facts that would support a claim that Miller otherwise violated any of the constitutional rights enjoyed by Mrs. Smith. Consequently, he is entitled to qualified immunity.
 
 
 13
 Finally, we turn to the judgment rendered in favor of the municipal defendants, the County of Huron and City of Bad Axe. The district court properly looked to Monell v. Department of Social Servs., 436 U.S. 658 (1978), and City of Canton v. Harris, 489 U.S. 378 (1989), before holding that plaintiffs had failed to allege that "either of the municipalities has shown 'deliberate indifference' to the rights of its inhabitants by failing to train its officers/social workers."
 
 
 14
 While we agree with the district court's legal analysis, we read the complaint with slightly less rigor. In our view, the complaint's allegations against the municipal defendants are sufficient to withstand dismissal at this early stage of the proceedings. Rather, plaintiffs should be permitted an opportunity to engage in limited discovery directed solely towards developing a factual basis for their "failure to train" allegation.
 
 
 15
 Accordingly, we reverse the judgment of the district court with respect to the County of Huron and the City of Bad Axe and remand the cause so that plaintiffs may pursue limited discovery on the issue of the training policies of these defendants.
 
 
 16
 The judgment of the district court is hereby affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.