78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John DOE, Plaintiff-Appellant,
v.
ATTORNEY DISCIPLINE BD., et al., Defendants-Appellees.
 No. 95-1259.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1996.
 
 Before: KEITH and SILER, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 The Plaintiff-Appellant, under the pseudonym of John Doe, appeals the district court decision granting summary judgment in favor of the Defendants-Appellees, Michigan Attorney Discipline Board, Michigan Attorney Grievance Commission, and certain individual members of those organizations, on Doe's claim that those entities have failed to comply with the Americans with Disabilities Act. For the reasons discussed below, we AFFIRM the district court's findings.
 
 I.
 
 2
 In the early 1980's, Doe suffered a series of heart attacks and was forced to work out of his home. In that informal setting, he experienced difficulties meeting deadlines and was subjected to numerous disciplinary actions. Specifically, Doe was reprimanded by the Attorney Discipline Board on April 6, 1983, and again on September 8, 1983. He was also suspended from practicing law on numerous occasions. For example, Doe's license was suspended for 30 days on June 14, 1983; 60 days on July 30, 1984; 180 days on October 31, 1986; 60 days on January 26, 1987; and 119 days on May 24, 1988.
 
 
 3
 Finally on July 24, 1992, Doe was charged by the Michigan Attorney Grievance Commission with 24 counts of ethical misconduct, including: (1) failure to timely file appellate briefs for clients; (2) failure to keep clients informed during his representation of them; (3) misrepresenting information to clients; and (4) accepting a fee from a client he was representing pursuant to a court appointment.
 
 
 4
 Doe did not contest any of these allegations before the hearing panel of the Michigan Attorney Discipline Board, but did choose to offer evidence in mitigation of his punishment. At his hearing, Dr. Jeffrey Shurtz, who has a Ph.D. in clinical psychology, testified that Doe suffered from Adult Attention Deficit Disorder and that he required a structured setting to minimize the detrimental effects of his condition. Dr. Shurtz felt that with further counseling and perhaps medication, Doe could once again resume his responsibilities as an attorney. However, Doe did not present any evidence that he had been seeking the counseling recommended by Dr. Shurtz. At the conclusion of the hearing, the panel suspended Doe's license to practice law for three years. The panel noted that previous efforts to create a structured setting for Doe to practice law had failed and that the suspension was necessary to protect the public. The panel's decision was not disturbed by the Attorney Discipline Board or the Michigan Supreme Court.
 
 
 5
 Doe subsequently filed a federal lawsuit against the Michigan Attorney Discipline Board and the Michigan Attorney Grievance Commission alleging violations of the Americans with Disabilities Act ("ADA"). The suit sought monetary damages and promulgation of Michigan Court Rules implementing special procedures for disciplining disabled attorneys. The Michigan Attorney Discipline Board and the Michigan Attorney Grievance Commission filed motions to dismiss and for summary judgment which were granted by the district court on February 28, 1995.
 
 
 6
 Doe filed a timely notice of appeal with this Court.
 
 II.
 
 7
 The district court dismissed Doe's claims for a variety of reasons, including: (1) lack of jurisdiction to hear the matter; (2) the defendants not being able to implement the relief sought in the complaint; (3) the defendants retaining quasi-judicial immunity; and (4) Doe not being "qualified" to practice law under the provisions of the ADA. We agree with the district court's findings for the following reasons.
 
 
 8
 Doe asserts that he is not requesting that this court reverse the Michigan Supreme Court's decision affirming the suspension of his law license. However, in oral argument before the district court Doe asserted, "this court, I think, has jurisdiction to send my case back to them for rehearing." The substance of this request requires a review of the state's disciplinary proceedings. To the extent that Doe seeks review of the particulars of his state disciplinary proceedings neither the district court nor this Court has jurisdiction over the matter. Ginger v. Wayne County Circuit Court, 372 F.2d 621, 625 (6th Cir.), cert. denied, 387 U.S. 935 (1967) (holding that a federal district court is without jurisdiction to review state disciplinary proceedings).
 
 
 9
 Moreover, even if the district court did have jurisdiction over the subject matter of Doe's complaint, he has failed to name the proper parties as defendants. Pursuant to the Michigan Compiled Laws Annotated § 600.904, the Michigan Supreme Court alone has
 
 
 10
 the power to provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members, the schedule of membership dues therein, the discipline, suspension, and disbarment of its members for misconduct, and the investigation and examination of applicants for admission to the bar.
 
 
 11
 The Attorney Discipline Board, the Attorney Grievance Commission, and the individual members of those organizations have no power to adopt the rules and regulations to enforce compliance with the ADA. These bodies may only submit proposed rule changes to the Michigan Supreme Court. Michigan Court Rules 9.108(E)(6) and 9.110(E)(9).
 
 
 12
 Moreover, the defendants in this case cannot be sued because they enjoy quasi-judicial immunity. Although members of the Michigan Attorney Grievance Commission and Attorney Discipline Board are not themselves judges, they perform functions that are equivalent to the job performed by prosecutors and judges in court proceedings. See Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994) (concluding that persons who perform tasks so integral or intertwined with the judicial process that they are considered an arm of the judicial officer who is immune are entitled to quasi-judicial immunity). As a result, they are subject to quasi-judicial immunity from Doe's suit.
 
 
 13
 Finally, even if the defendants were not entitled to dismissal of the suit for the above-mentioned reasons, Doe's ADA claim does not pass summary judgment. Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines a qualified individual as someone with a disability who "with or without reasonable modifications to rules, policies, or practices, ... meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 1213(2).
 
 
 14
 In this case, the district court assumed Doe suffered from a disability that caused the conduct which resulted in his suspension. However, the district court concluded that there was not a reasonable modification that could allow Doe to satisfy the essential requirements necessary to practice law. The district court's determination was not erroneous. The defendants did not suspend Doe because he has a disability, but rather because he repeatedly breached the most basic duties of an attorney, i.e., made misrepresentations to clients, failed to abide by filing deadlines. The ADA does not require that we hold Doe to a lesser standard of conduct than any other attorney, it merely precludes Doe from being denied an opportunity to practice law because of his disability. Since Doe's disability, if it indeed has caused his acts of misconduct, has precluded him from satisfying the most basic ethical requirements of his profession, he is not qualified under the provisions of the ADA. Indeed, to allow Doe to continue to practice without suspension would jeopardize our legal system and place the public at risk. As a result, Doe's ADA claim fails.
 
 Conclusion
 
 15
 For the foregoing reasons, this Court AFFIRMS the findings of the Honorable Anna Diggs Taylor and dismisses the plaintiff's cause of action.
 
 
 
 *
 The Honorable Julia S. Gibbons, Chief Judge of the United Staets District Court for the Western District of Tennessee, sitting by designation