103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol PISANI, Plaintiff-Appellant,
v.
VILLAGE OF BENTLEYVILLE, OHIO; Pitts, Police Chief; Dave
Piekarski; Lloyd Nagel; Dan Kalk, Defendants-Appellees,
Glen Pisani, Defendant.
 No. 95-4108.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: LIVELY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Carol Pisani, an Ohio citizen, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pisani filed this action in state court against the Village of Bentleyville, Ohio, its chief of police, three police officers, and her estranged husband, seeking forty million dollars in damages. The individual officers were sued in their official capacities. Pisani alleged that the defendants violated her Fourth and Fourteenth Amendment rights when, on September 5, 1992, two police officers entered her home without a warrant and removed her two children, allowing her husband to take them to his parents' home, and on September 9, 1992, the police chief and a third officer changed the locks on her residence pursuant to a court order. Defendants removed the action to federal court. The husband's motion to dismiss was granted, and the remaining defendants moved for summary judgment. After consideration of Pisani's response, the district court granted the defendants' motion. This appeal followed.
 
 
 3
 Upon consideration, we conclude that the summary judgment for defendants was proper, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Regarding the September 5, 1992, incident, the evidence submitted by Pisani was insufficient to impose liability on the village because it showed that a subordinate employee had made the contested decision and that it was not based on a municipal policy. See City of St. Louis v. Praprotnick, 485 U.S. 112, 130 (1988). A single incident of allegedly unconstitutional activity is not sufficient to impose liability unless it was caused by an unconstitutional policy. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Because Pisani sued the individual defendants in their official capacities, the suit is construed as being brought against the village only. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994). Failure to establish an unconstitutional policy thus mandated summary judgment for all the named defendants. As to the events of September 9, 1992, the record shows that the police were executing a facially valid court order and thus were entitled to absolute quasi-judicial immunity. See Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994).
 
 
 4
 Finally, we note that it is unclear whether Pisani properly appealed the order dismissing her ex-husband as a defendant in this action. He was dismissed by an earlier order of the district court, and when Pisani appealed from the final judgment, she did not serve his counsel with the notice of appeal. Nevertheless, she argues in her brief on appeal that the dismissal was improper. Even if this issue were properly before the court, we conclude that the dismissal should be affirmed because there is nothing in the record to support Pisani's allegation that her husband conspired with the police to deprive her of her constitutional rights. See Moore v. City of Paducah, 890 F.2d 831, 834-35 (6th Cir.1989).
 
 
 5
 For all of the above reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.