Bernard FIELDS, Plaintiff–Appellant,

v.

LAPEER COUNTY CIRCUIT COURT; Marlene M. Bruns; Nick O Holowka, Defendants–Appellees.

No. 00–1473.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2001.

378

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Bernard Fields, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Fields sued Lapeer County Circuit Court, a circuit court judge (Judge Holowka), and a court clerk (Bruns). Judge Holowka and Bruns were sued in their individual and official capacities. Fields asserted that the defendants denied him access to the courts in a state court action. The district court sua sponte dismissed the case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim, reasoning in part that the defendants were entitled to immunity.

In his timely appeal, Fields reasserts his claim and contends that the defendants were not immune from suit.

■ Upon de novo review, we conclude that the district court properly dismissed the complaint pursuant to §§ 1915(e) and 1915A for failure to state a claim. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). Fields failed to state a claim for denial of access to the courts because he did not allege that his state court action challenged his sentence or conditions of confinement and he did not show that the claims in his state court action were non-frivolous. *See Lewis v. Casey*, 518 U.S. 343, 349–55 & n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ Moreover, Judge Holowka and Bruns are entitled to immunity. A judge has absolute immunity from civil suits for monetary damages unless the judge has acted in a non-judicial capacity or has performed judicial acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir.1997). One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected under the doctrine of quasi-judicial immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir.1988) (extending doctrine to court clerk). Fields has not shown that any of the alleged acts occurred outside of judicial proceedings or were outside the subject matter of the court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.