Gary Wayne FANNON,
Plaintiff–Appellee,

v.

John SHEWELL, Defendant–Appellant,

Kurt Johnston and the Township
of Canton, Defendants.

No. 00–2081.

United States Court of Appeals,
Sixth Circuit.

May 28, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Defendant John Shewell appeals the denial of his motion for summary judgment on ground of qualified immunity on Plaintiff's civil rights claim arising from his arrest and incarceration.

## I. BACKGROUND

In 1989, when Gary Wayne Fannon was eighteen years old, he was arrested, charged, and convicted in a Michigan state court for distribution of cocaine in excess of 650 grams. He was sentenced to life in prison without the possibility of parole.

In that case, Fannon's arrest resulted from an investigation by the Western Wayne Narcotics Task Force ("Task Force"). Defendant Kurt Johnston, then a police officer with the Canton Township Public Safety Department, was assigned to the Task Force. Johnston was the undercover officer who investigated Fannon and allegedly induced Fannon to start using and selling cocaine. Defendant John Shewell, a Michigan State Police (MSP) Officer, was the Unit Commander of the Task Force and a member of its Board of Directors.

Also in 1989, Johnston himself was investigated in connection with missing drugs from within the police department. Johnston submitted to a drug screen and tested positive for cocaine. On June 19, 1989, Canton Township terminated him. The Task Force had not tested its officers for drug use when they applied or while they were members. After Johnston's termination, the MSP Director John Santomauro advised Shewell to review every case in which Johnston was the lead investigator to see if he had abused his position in investigating and arresting suspects while he was using drugs. However, Shewell did not follow up on this advice.

In July 1996, a Michigan state trial court vacated Fannon's conviction and life sentence after it determined that Johnston had entrapped Fannon and that Fannon's counsel had been constitutionally ineffective. According to the trial court, Johnston himself had a drug problem and had involved Fannon in an undercover operation, in part, to satisfy Johnston's own cocaine addiction.

After Fannon's release, he sued various local governmental entities and police officers associated with the Task Force for his wrongful arrest and imprisonment. He alleged violations of his civil rights under 42 U.S.C. § 1983, malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress. In the § 1983 claim, Plaintiff sued Defendants on five theories: (1) entrapment; (2) outrageous government conduct in violation of the due process clause; (3) deliberate indifference to the risk of a drug-abusing officer violating Plaintiff's civil rights by failing to screen for drug use by undercover officers; (4) deliberate indifference to the risk of a drug-abusing officer violating Plaintiff's civil rights by authorizing, encouraging, ignoring, and failing to test for drug use by undercover officers; (5) deliberate indifference to the injury of Plaintiff's civil rights by failing to investigate the circumstances of Johnston's investigation, arrest, and prosecution of Plaintiff after Shewell learned of Johnston's drug abuse and by failing to promptly disclose Johnston's drug involvement (abuse, theft of drugs, and termination) to Plaintiff's lawyers and the state trial court.

After motions for summary judgment and settlements among the parties, only the three deliberate indifference theories, mentioned above, remained against Shewell. Shewell moved for summary judgment on the basis of qualified immunity, but the district court denied relief. Shewell now appeals the denial of his motion for summary judgment based on qualified immunity.

## II. Discussion

Shewell claims that the district court erred in denying him qualified immunity. He argues that he did not violate any clearly established constitutional or statutory right that a reasonable police officer should have known existed when Johnston was terminated.

A district court's decision rejecting a claim to qualified immunity is immediately appealable to the extent that it raises a question of law, notwithstanding the absence of a final judgment. *Behrens v. Pelletier,* 516 U.S. 299, 310–11, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). This Court reviews the denial of qualified immunity de novo. *Blake v. Wright,* 179 F.3d 1003, 1007 (6th Cir.1999).

As a general rule governmental officials are entitled to qualified immunity for their discretionary actions that do not violate a clearly established constitutional or statutory right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court has stated: "Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. "The central purpose of affording public officials qualified immu-

nity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway,* 510 U.S. 510, 514, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) (*quoting Harlow,* 457 U.S. at 806). Qualified immunity is an immunity from suit, not simply a defense to liability. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411, (1985). The effective value of qualified immunity is lost if the suit erroneously proceeds to trial. *Ibid.* The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589(1991) (per curiam).

Qualified immunity requires a three-part analysis, which determines (1) whether the right was a clearly established constitutional or statutory right of which any reasonable officer would have known at the time of the alleged violation, (2) whether the official's actions were objectively unreasonable in light of that clearly established right, and (3) whether the facts taken in the light most favorable to plaintiff could establish a constitutional violation. *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir.1999); *Dickerson v. McClellan,* 101 F.3d 1151, 1157–58 (6th Cir.1996). This analysis must be performed in the specified sequence. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Conn v. Gabbert,* 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

In the first step, which is crucial in the present case, the district court must determine the existence of a clearly established constitutional or statutory right. The right must be defined at the appropriate level of specificity to determine whether it was clearly established at the time the

defendants acted. *Wilson*, 526 U.S. at 615; *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523(1987). To be "clearly established" the contours of the right must be sufficiently clear so that a reasonable official would understand that what he is doing violates that right. *Wilson*, 526 U.S. at 615; *Risbridger v. Connelly*, 275 F.3d 565, 569 (6th Cir.2002). In the Sixth Circuit, a right is clearly established if there is binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, *Blake*, 179 F.3d at 1007; *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994), or if there is case law from other circuits that is directly on point. *Blake*, 179 F.3d at 1007, *Barrett v. Harrington*, 130 F.3d 246, 264 (6th Cir.1997). " 'This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.' " *Wilson*, 526 U.S. at 615 (quoting *Anderson*, 483 U.S. at 640).

In this case, while the district court denied Shewell's motion for summary judgment on qualified immunity, it failed to identify a clearly established constitutional or statutory right that Shewell violated. Without this preliminary determination, the district court could not properly rule on Shewell's motion for summary judgment based on qualified immunity. Based on our review of the parties' briefing of this appeal and on our research of these issues, we conclude that Fannon has not identified any binding precedent from the Supreme Court, the Sixth Circuit, the district court, or case law from other circuits that is directly on point, that demonstrate the apparent unlawfulness of Shewell's alleged

conduct. *Wilson*, 526 U.S. at 615; *Anderson*, 483 U.S. at 641; *Risbridger*, 275 F.3d at 569.

Accordingly, the order of the district court denying Shewell's motion for summary judgment is **REVERSED**, with directions to the district court to **GRANT** the motion.