Carlos E. CHAVIS, Plaintiff–Appellant,

v.

Gerald E. FUERST, et al.,
Defendants–Appellees.

No. 02–3912.

United States Court of Appeals,
Sixth Circuit.

May 2, 2003.

Before CLAY and GIBBONS, Circuit
Judges;  and CLELAND, District Judge.*

### ORDER

Carlos E. Chavis appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chavis filed his complaint in the district court alleging that the defendant state court clerks and assistant court clerks interfered with his constitutional right to access to the courts in matters concerning his second motion to withdraw his 1998 guilty plea to two counts of felonious assault and one count of failure to comply with a police officer's order. Chavis named defendants in their individual and official capacities and sought declaratory relief and compensatory and punitive damages. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted. Chavis filed a timely notice of appeal. On appeal, Chavis contends that the district court improperly dismissed his complaint for a variety of reasons: (1) the court did not understand his complaint; (2) the court did not rule on his motions for discovery and for the appointment of counsel; (3) he was denied an opportunity to be heard; (4) the court considered matters outside his complaint; (5) defendants denied him his constitutional rights; (6) he was prejudiced in legal proceedings; (7) he need not allege a complete denial of access to the courts; (8) he is entitled to relief aside from physical injury; (9) interference with his right to access to the courts alone is cognizable; (10) quasi-judicial immunity does not preclude declaratory and injunctive relief; (11) immunity is an affirmative defense; and (12) facts material to a defense of immunity are in dispute. Defendants have not been notified to participate in this appeal.

Upon de novo review, see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), we will affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order filed July 10, 2002. First, the district court properly dismissed Chavis's claims for money damages as to the defendant court employees on the basis of quasi-judicial immunity. See Bush v. Rauch, 38 F.3d 842, 847–48 (6th Cir.1994); Foster v. Walsh, 864 F.2d 416, 418 (6th Cir.1988). Further, the district court correctly con-

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

cluded that Chavis otherwise failed to state a claim upon which relief can be granted. While a First Amendment right to access to the courts clearly exists, *see Bounds v. Smith,* 430 U.S. 817, 821–24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), no claim for interference with this right exists unless plaintiff alleges that defendants prevented him from filing a non-frivolous legal claim challenging his conviction. *See Lewis v. Casey,* 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Plaintiff must allege that he has suffered an actual injury to state a claim. *See id.* at 349–54. Plaintiff must allege that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented. *See id.* at 354–56. Here, the district court correctly concluded that Chavis failed to allege the loss of any non-frivolous claim, or that defendants were then preventing him from presenting a non-frivolous claim.

Finally, it is noted that Chavis's remaining claims on appeal lack merit. Insofar as Chavis contends that the district court dismissed his complaint, Chavis's claims are meritless because as previously noted 28 U.S.C. § 1915A(a) & (b) required the court to dismiss the complaint as soon as practicable. Chavis's claim that the district court considered matters outside his complaint lacks merit because the district court merely recited facts plainly gleaned from state court opinions, duly cited by the district court, rendered in Chavis's cases. Chavis's claims that immunity should not have been considered lack merit because 28 U.S.C. § 1915A(b)(2) requires the district court to dismiss claims that are barred by immunity. Accordingly, Chavis's remaining claims lack merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.