**Michael J. WAPPLER, Plaintiff–Appellant,**

v.

**Nancy CARNIAK; Diana Irving; Linda Hammerstein; John Doe, Defendants–Appellees.**

No. 01–1437.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

## ORDER

Michael J. Wappler, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Wappler sued state court Judge Nancy Carniak; Court Clerk Diana Irving; Court Administrator Linda Hammerstein; and "John Doe," an unknown clerk. Wappler alleged that: (1) Judge Carniak and Irving violated his constitutional rights when they entered a default judgment against him in a civil case knowing he could not defend himself because of his incarceration; (2) Hammerstein violated his rights by allowing a policy of prohibiting incarcerated citizens from defending against civil actions without an attorney; and (3) Hammerstein

and Doe violated his rights by permitting his conviction records to be transmitted in violation of state law and by failing to inform him that the records were transmitted. Wappler also asserted state law claims. The district court granted Wappler in forma pauperis status, screened the complaint, and dismissed the complaint on the basis of immunity and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

In his timely appeal, Wappler argues that the district court misconstrued the facts, applied the wrong law, and abused its discretion when the court summarily dismissed Wappler's complaint.

■■■ Upon de novo review, we conclude that the district court properly dismissed Wappler's complaint under 28 U.S.C. § 1915A(b). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). First, Judge Carniak, Irving, Hammerstein, and Doe were entitled to immunity. A judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Holloway v. Brush,* 220 F.3d 767, 774 (6th Cir. 2000). Judicial employees are immune from damages for the performance of quasi-judicial duties. *Bush v. Rauch,* 38 F.3d 842, 847–48 (6th Cir.1994) (court administrator executing court order); *Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988) (court clerk issued erroneous warrant on judge's order). All of Wappler's allegations against the defendants involve actions taken while performing their judicial and quasi-judicial duties in the state court case against Wappler. Accordingly, the

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

defendants are immune from suit for monetary damages.

■ Second, we agree with the district court that Wappler's allegations failed to state a claim against any of the defendants. Wappler alleged that Judge Carniak, Irving, and Hammerstein caused him to have a default judgment entered against him in a civil case because they did not permit him to personally appear and refused to hold the matter in abeyance until his release from prison. Wappler had no denial of access to the courts claim because his litigation did not involve an attack on his sentence or the conditions of his confinement. *See Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

■ Third, we conclude that the district court properly held that any § 1983 claim based upon the release of the record of Wappler's misdemeanor conviction is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Wappler claimed that he pleaded guilty to having an open intoxicant in a commercial vehicle with the understanding that the conviction would not be made known to the Michigan Secretary of State. He later learned that the information was released by Hammerstein and Doe, allegedly in violation of state law. Wappler claimed that his misdemeanor conviction was used to enhance his sentence in another case. Thus, a successful ruling on his claim would imply the invalidity of both his guilty plea and his sentence in the later case. Because Wappler did not allege or show that he had successfully challenged either conviction on direct appeal, collateral attack, or any other means, he has no § 1983 action. *See id.* at 487–87, 114 S.Ct. 2364.

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Wappler's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accepting Wappler's factual allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.