**Gary O. SIRBAUGH, Plaintiff–Appellant,**

**v.**

**Robert P. YOUNG, Jr., Justice, Michigan Court of Appeals, in his individual and official capacity; et al., Defendants–Appellees.**

**No. 01–1607.**

United States Court of Appeals, Sixth Circuit.

Dec. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

Gary O. Sirbaugh, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Sirbaugh sued state court

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

judges Robert P. Young and Richard A. Bandstra and court clerks Carl L. Gromek, Thomas J. Rasdale, and Corbin R. Davis. Sirbaugh alleged that the defendants denied him access to the courts in violation of the Equal Protection Clause when they failed to waive the filing fee in Sirbaugh's appeal from the property division in his divorce case. The district court granted Sirbaugh in forma pauperis status, screened the complaint, and dismissed the case for failure to state a claim and because it was brought against defendants who are immune from suit. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). The court also held that Sirbaugh's claim was barred by the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

In his timely appeal, Sirbaugh argues that: (1) Michigan's fee-waiver statute is unconstitutional; (2) the defendants violated his rights under the United States and Michigan constitutions; (3) the defendants are not immune from monetary damages because they acted outside of "governmental interests;" and (4) the *Rooker–Feldman* doctrine does not apply because his claim was not related to a case decided by a state court.

Upon de novo review, we conclude that the district court properly dismissed Sirbaugh's complaint. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Sirbaugh alleged that when he attempted to appeal the division of property in his divorce case, the defendants refused to waive the filing fee and imposed partial initial filing fees instead. Sirbaugh did not pay the fee and his appeal was never filed. The defendants' actions did not violate Sirbaugh's constitutional right of access to the courts because his state court case did not involve a fundamental human interest such as the termination of parental rights or the ability to obtain a divorce. *See M.L.B. v. S.L.J.,* 519 U.S. 102, 116–17, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996); *Boddie v. Connecticut,* 401 U.S. 371, 382–83, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 317 (3d Cir.), *cert. denied,* ––– U.S. ––––, 121 S.Ct. 2600, 150 L.Ed.2d 757 (2001). Accepting Sirbaugh's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

Sirbaugh's argument that Michigan's fee-waiver statute is unconstitutional is without merit. This court rejected a constitutional challenge to the Prison Litigation Reform Act's fee provisions, and Sirbaugh presents no reason to conclude that Michigan's similar statutory scheme is invalid. *See Hampton v. Hobbs,* 106 F.3d 1281, 1284–88 (6th Cir.1997).

We also agree with the district court that all of the defendants were immune from suit for monetary damages. First, a judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Collyer v. Darling,* 98 F.3d 211, 221 (6th Cir.1996). Second, judicial employees are immune from damages for the performance of quasi-judicial duties. *Bush v. Rauch,* 38 F.3d 842, 847–48 (6th Cir.1994); *Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988). From Sirbaugh's complaint, it is clear that the defendants—judges and court clerks—were performing their judicial and quasi-judicial duties when they interpreted Michigan law and declined to waive the appellate filing fee for Sirbaugh. Thus,

Sirbaugh's complaint was subject to dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) because it sought monetary relief from defendants who are immune from such relief.

Having concluded that Sirbaugh's complaint was subject to dismissal for failure to state a claim and on immunity grounds, we need not reach the issue of the *Rooker–Feldman* doctrine. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.