**Edgar Francis BRADLEY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; Herman J. Weber; Susan J. Dlott; Steve Snyder; Kenneth J. Murphy; Administrative Office of the United States Courts, Defendants–Appellees.**

No. 03–3754.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 2003.

Edgar Francis Bradley, pro se, Cincinnati, OH, for Plaintiff–Appellant.

Before NORRIS and GILMAN, Circuit Judges; and BUNNING, District Judge.*

### ORDER

Edgar Francis Bradley, an Ohio resident proceeding pro se, appeals the district court order dismissing his complaint filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bradley sued the United States, the Administrative Office of the Courts, United States District Court Judge Herman J. Weber, Judge Susan J. Dlott, law clerk Steve Snyder, and District Court Clerk Kenneth J. Murphy. Bradley alleged that the defendants conspired to deprive him of his right of access to the courts when they delayed the 28 U.S.C. § 2241 petition for a writ of habeas corpus he filed in the United States District Court for the Southern District of Ohio. He was incarcerated at the Federal Correctional Institute in Ashland, Kentucky, when he filed his complaint. The district court granted Bradley

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915A. The court held that the judicial defendants were immune from suit, and that Bradley had not alleged any actionable conduct by the other defendants.

On appeal, Bradley argues that the defendants violated their ministerial duties and deprived him of constitutional rights.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we affirm the district court's decision for the reasons stated by the district court.

The district court properly dismissed Bradley's complaint under § 1915A. In 1999, a jury convicted Bradley of one count of conspiracy to defraud the United States and three counts of willful failure to file income tax returns, violations of 18 U.S.C. § 371 and 26 U.S.C. § 7203, respectively. A panel of this court affirmed the convictions and sentences. *United States v. Bradley,* Nos. 99–3765/3767/3769, 2001 WL 997428 (6th Cir. Aug. 9, 2001). Bradley filed his § 2241 petition in May 2002. He moved for judgment on the pleadings on May 31, 2002, because the government had not filed a response to his petition. When the district court did not rule on his motion, Bradley filed a petition for a writ of mandamus in this court on June 18, 2002. The motion was dismissed. *In re: Edgar Bradley,* No. 02–3675 (6th Cir. Aug. 6, 2002) (unpublished order). In the instant action, Bradley claimed that the defendants conspired to delay his § 2241 case because he was scheduled to be released in May 2003.

The district court properly held that the judicial defendants were immune from suit. Bradley attempted to hold Judges Weber and Dlott, law clerk Snyder, and court clerk Murphy liable for delays in his § 2241 petition. These defendants were acting in their judicial and quasi-judicial duties, and so are immune from suit. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Bush v. Rauch,* 38 F.3d 842, 847–48 (6th Cir.1994); *Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988).

The district court also properly held that Bradley's complaint failed to state a claim against the remaining defendants. A complaint must contain allegations regarding all the material elements to sustain a recovery under some viable theory. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996). Bradley listed the United States and the Administrative Office of the Courts as defendants, but did not identify any action, inaction, or legal theory that could entitle him to relief.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.