**William A. CLUMM, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al., Defendants–Appellees.**

No. 03–3827.

United States Court of Appeals, Sixth Circuit.

March 23, 2004.

William A. Clumm, #148–716, Chillicothe Correctional Institute, Chillicothe, OH, pro se.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

*ORDER*

William A. Clumm, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 2, 2003, Clumm filed a complaint against Ross County, Ohio, Court of Common Pleas Judge William J. Corzine; Ross County, Ohio, Court of Common Pleas Clerk Susan R. Allyn; and the following officials employed by the Ohio Department of Rehabilitation and Correction (ODRC): Director Reginald A. Wilkinson, Sergeant J. Boysel, Administrative Assistant Tim Oyer, Lieutenant H.D. Miller, and the "Publication Review Screening Committee." Clumm alleged that Boysel seized "as contraband" material that he possessed in excess of the permitted property limit. Clumm alleged that Boysel seized his property in retaliation for his "legal activities in order to cause him to relinguish [*sic*] his right of access to the courts for redress of his grievances and the civil and criminal wrongs done him." Clumm also alleged that ODRC officials withheld a magazine that was sent to him in the mail "because page 66 had monster tokens for a game." According to Clumm, he was subsequently informed that he could not have the magazine in question, but he was not provided with a written decision to that effect.

Clumm alleged that on August 23, 2002, he "attempted to file criminal affidavits" in a state court proceeding, but the affidavits were returned to him because they did not bear a case number. Clumm returned the affidavits "with a second praecipe which stated that they should be filed pursuant to both Criminal Rule 2 and O.R.C. 2935.09 along with a civil rule 2 complaint." Allyn filed Clumm's affidavits as a civil action and, as a result, funds were subsequently deducted from his prison account to pay the filing fee for that action. Clumm alleged that he contacted Corzine and requested return of his funds, but no action was taken. Clumm sought monetary relief from the defendants.

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

A magistrate judge filed a report recommending dismissal of the complaint. Over Clumm's objections, the district court dismissed Clumm's complaint against Wilkinson, Corzine, and Allyn for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e), and dismissed, without prejudice, Clumm's complaint against Boysel, Oyer, and Miller for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Clumm's motion for reconsideration was denied. Clumm has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915A and 1915(e). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). We also review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

Upon review, we conclude that the district court properly dismissed Clumm's complaint. With respect to Wilkinson, the complaint failed to state a claim upon which relief may be granted because it was based upon a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 817–18 (6th Cir. 1996). With respect to Corzine, the complaint failed to state a claim upon which relief may be granted because Clumm's claim against Corzine for monetary damages is barred by the doctrine of judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). With respect to Allyn, the complaint failed to state a claim upon which relief may be granted because non-judicial officers are immune from damages for the performance of quasi-judicial duties. *See Bush v. Rauch,* 38 F.3d 842, 847–48 (6th Cir.1994); *Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988).

Clumm's complaint against Boysel, Oyer, and Miller was subject to dismissal without prejudice because he failed to exhaust his administrative remedies with respect to his claims against them. *See* 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Clumm's complaint did not discuss exhaustion, state that exhaustion occurred, or provide any documentary evidence in support of an attempt to administratively exhaust his claims.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.