**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0783n.06

No. 09-1418

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 22, 2011*

LEONARD GREEN, Clerk

LAWRENCE HANNER,

       Plaintiff-Appellant,

v.

CITY OF DEARBORN HEIGHTS;
DEARBORN HEIGHTS BUILDING
DEPARTMENT; DEARBORN HEIGHTS
POLICE DEPARTMENT; DANIEL PALETKO,
Mayor, CITY OF DEARBORN HEIGHTS;
20TH DISTRICT COURT ADMINISTRATOR;
THIRD JUDICIAL CIRCUIT COURT;
APPEALS COURT ADMINISTRATOR;
JENNIFER GRANHOLM, Governor,

       Defendants-Appellees.

STATE OF MICHIGAN,

       Defendant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

---

Before: MARTIN and GRIFFIN, Circuit Judges; and ANDERSON, District Judge.[*]

**S. THOMAS ANDERSON, District Judge.** Lawrence Hanner, proceeding pro se, filed suit against the City of Dearborn Heights, Michigan, *et al*. for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. The district court granted the City of Dearborn Heights's motion to dismiss for failure to state a claim upon which relief could be granted. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

## I. BACKGROUND

### A. Factual Background

In 1991 Lawrence Hanner applied for a building permit with the City of Dearborn Heights for the purpose of constructing an enclosure of a porch at his residence. (Compl. ¶ 15.) Hanner paid the fee and was issued building permit 91-837 for a glass enclosure. (*Id.*; ex. D, Circuit Court Op., Sept. 29, 1993.) During the course of the project, the city building department sent inspectors to Hanner's home and approved different phases of the construction. (Compl. ¶ 16.) On October 30, 1992, a city inspector arrived to conduct the final inspection of Hanner's project and found that Hanner had not built a glass enclosure but a brick veneer instead. (Compl., ex. D, Circuit Court Op.) The building department informed Hanner that he would need a second permit for the brick veneer before the final approval of the enclosure could occur. (Compl. ¶ 17.) Hanner alleges that he was informed that he would need to pay a fee of $264 and that he would not receive a new permit number or a receipt. (*Id.*) When Hanner refused, he was cited for not having the permit. (*Id.* ¶ 18.) On January 28, 1993, the 20th District Court for the City of Dearborn Heights ("the 20th District Court") convicted Hanner of violating city ordinance BOCA 111.1 for not having the proper building permit and fined Hanner $100. (Compl., ex. Tr. Transcript., Jan. 28, 1993) Subsequently, the Wayne County Circuit Court affirmed the conviction and remanded for the enforcement of the fine. (Compl., ex. D Circuit Court Op.) The Michigan Court of Appeals declined to hear Hanner's appeal.

On December 14, 2005, Hanner received by mail an arrest warrant due to his failure to pay the $100 fine. (Compl. ¶ 1; ex. 9.) Hanner appeared for arraignment in the 20th District Court on the following day and was informed that he owed $100 for the unpaid fine. (Compl. ¶¶ 2-3.) At

some point during the proceedings, Hanner was led out of the courtroom, fingerprinted, and placed in a cell. (Compl. ¶¶ 4-5.) On January 31, 2006, Hanner appeared for a hearing before a different judge of the 20th District. (Compl. ex. F, Hr'g Transcript, Jan. 31, 2006.) Hanner complained to the court that following his arraignment he was taken to a cell and detained for the remainder of the day. (Compl. ex. F, Hr'g Transcript 5:16-6:19.) The prosecutor stated to the court that Hanner was disruptive during his arraignment and was taken into custody by the court officer, Mr. Ackling. (*Id.* at 6:2-6.)

Finally, on April 25, 2006, Hanner appeared for a show cause hearing before the judge who had presided over Hanner's arraignment. (Compl. ex. H, Hr'g Transcript, Apr. 25, 2006.) The court began by asking Hanner whether he had paid the $100 fine. (Compl. ex. H, Hr'g Transcript 3:4-19.) Hanner responded that he was not permitted to enter a plea at his arraignment and then invoked the Fifth Amendment, to which the court said, "I'm trying to help you, sir. Sometimes you ought to speak. And you have no Fifth Amendment rights in this regard. You're playing games with this Court. I don't want to be mad at you. I just want to send you on your way. Did you serve one day?" (*Id.* at 3:15-4:3.) Officer Ackling added that he had taken Hanner into custody for one day. (*Id.* at 4:4.) At that point, the court stated that it found Hanner in contempt of court, sentenced him to one day incarceration, gave him credit for the time served, and let him go about his business. (*Id.* at 4:5-15.)

**B.     Procedural History**

On December 10, 2007, Hanner filed suit against the City of Dearborn Heights, the Dearborn Heights Building Department, the Dearborn Heights Police Department, the Mayor of Dearborn

Heights, the 20th District Court Administrator, the Governor of Michigan, the Third Judicial Circuit Court, and the Michigan Court of Appeals. In his 117-page pro se pleading, Hanner alleged the violation of his constitutional rights under the Fourth, Fifth, and Eighth Amendments pursuant to 42 U.S.C. § 1983. Specifically, Hanner alleged that (1) he suffered a deprivation of his Fourth Amendment rights because he was jailed without probable cause; (2) his Eighth Amendment rights were violated because he was not given his walking crutch during his stay in the lock-up; (3) he was deprived of his Fourth Amendment rights because the 20th District Court issued a warrant without probable cause; (4) his Fifth Amendment right against double jeopardy was violated; (5) he was denied due process of law because he was denied the opportunity to be heard; and (6) he was denied his Fifth Amendment right against self-incrimination.

In due course Hanner stipulated to the dismissal of his claims against Governor Granholm, and the district court granted the state of Michigan's motion to dismiss. As for the motion to dismiss filed by the City of Dearborn Heights and its departments, the magistrate judge issued a report and recommendation that the district court grant the motion under Rule 12(b)(6). The district court adopted the Magistrate Judge's report and recommendation over Hanner's objections. Hanner's timely appeal followed.

Initially, Hanner proceeded pro se on appeal and filed an opening brief to which the other parties filed responsive briefs and Hanner filed reply briefs. On December 2, 2009, this court determined *sua sponte* that "appointment of counsel for the appellant would aid the court in its review of this case" and appointed counsel for Hanner. The court went on to state that "in addition

to any other arguments that counsel may wish to raise," the parties were to brief the following

questions:

> What constitutional right or rights does plaintiff allege were violated by officials of Dearborn
> Heights, Michigan? By whom was the right violated? Does plaintiff contend that Dearborn
> Heights has an official policy, practice or custom concerning the issuance of bench warrants
> that violates United States law or the constitution? What relief does plaintiff seek?

After the court appointed appellate counsel for Hanner, the parties submitted a second round of briefs

addressed to these issues. Hanner has continued to file pro se motions with the court stating his

dissatisfaction with appointed counsel and requesting that this court remand the case to the district

court for additional fact-finding.

## ANALYSIS

### I. Hanner's Constitutional Claims

#### A. Standard of Review

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

de novo. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295 (6th Cir. 2011).

Furthermore, we may "affirm the district court's dismissal of a plaintiff's claims on any grounds,

including grounds not relied upon by the district court." *Hensley Mfg. v. ProPride Inc.,* 579 F.3d

603, 609 (6th Cir. 2009). In determining whether a party has failed to state a claim, we construe the

complaint in the light most favorable to the non-moving party and accept all factual allegations as

true. *Paige v. Coyner,* 614 F.3d 273, 277 (6th Cir. 2010). In order to survive a Rule 12(b)(6) motion

to dismiss, a complaint "need contain only enough facts to state a claim to relief that is plausible on

its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007) (internal quotations omitted)). Additionally, the pleadings of *pro se* plaintiffs like Hanner are liberally construed and held to a less stringent standard. *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

The district court based its dismissal of Hanner's complaint on a series of holdings. First, the court concluded that as a threshold matter, all of Hanner's constitutional claims, except his Eighth Amendment claim, were barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Second, the court held in the alternative that even if *Heck* did not bar Hanner's claims, he had failed to state his Fourth and Fifth Amendment claims. The district court also held that several defendants enjoyed various forms of immunity, including judicial immunity, quasi-judicial immunity, or sovereign immunity. Hanner had failed to state any claims against the City of Dearborn Heights in that he did not plead the existence of a municipal policy or custom to show *Monell* liability. Additionally, the complaint failed to state a claim as to the individual defendants such as the Mayor of Dearborn Heights and the court administrator because Hanner did not plead that these individuals were personally involved in the acts against him. Having dismissed Hanner's Fourth and Fifth Amendment claims on these alternative grounds, the district court finally concluded that Hanner failed to state a claim for the deprivation of his Eighth Amendment rights based on Hanner's allegation that the officer who locked him up took his crutch away from him. We will consider each of Hanner's assignments of error in turn.

B.	Fourth and Fifth Amendment Claims

Hanner alleged violations of his Fourth Amendment rights based on the fact that the 20th District Court issued an arrest warrant without probable cause and later jailed him without probable cause following his arraignment. Hanner further alleged that the 20th District Court violated his right against double jeopardy by charging him twice in relation to his permit; denied him due process of law by not providing him with the opportunity to be heard; and denied him his right against self-incrimination, all in violation of the Fifth Amendment. The district court dismissed all of Hanner's Fourth and Fifth Amendment claims based on its primary holding that the favorable termination rule barred these claims. Hanner's briefs, both his opening pro se brief as well as the brief filed by appointed counsel, failed to raise this issue or discuss the district court's ruling. Generally, where an appellant fails to address an issue in an opening brief, the appellant waives any objections as to that issue. *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 286 n.1 (6th Cir. 2011); *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003). On this basis alone, Hanner has waived any appeal of the district court's favorable termination ruling.

Despite his failure to fully brief the district court's holding on *Heck* and the favorable termination rule, Hanner did brief the district court's alternative rulings on immunity, the failure to plead *Monell* liability, and the failure to plead the personal involvement of individual defendants like the Mayor of Dearborn Heights. We have held that where a district court grants a motion to dismiss on the basis of two, alternative holdings, an appellant who challenges only one of the holdings waives both issues on appeal. *See White Oak Prop. Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 854 (6th Cir. 2010) (concluding that a party waived its appeal of the district court's dismissal

of its claim where appellant failed to address both of the lower court's alternative holdings); *United States v. Thornton,* 609 F.3d 373, 380 (6th Cir.2010) (when the district court articulated two dispositive holdings, appellant's failure to address both prompted the court of appeals to decline review of either). Because the unchallenged "ruling stands for purposes of [] appeal," the appellant waives the dismissal of the claim. *White Oak Prop. Dev.*, 606 F.3d at 854.

Although Hanner failed to address the issue in his opening pro se brief, the City of Dearborn Heights raised the favorable termination rule in its brief. In his pro se reply brief, Hanner stated, "It is my understanding that the Stripping Doctrine is (above) greater than Heck V. [sic] Humphrey, 512 U.S. 477 (1994). Thus I can sue the various state officials individually and in their official capacity as in my amended complaint filed with this court." Pro Se Reply Br. 9. Even construing this statement liberally, it addresses only the dismissal of Hanner's claims against state officials, and not the dismissal of his claims against the courts or the City of Dearborn Heights and its departments. Thus, Hanner still waived review of the district court's dismissal of his claims against the governmental entities. Furthermore, the "stripping doctrine" does not apply to claims for money damages such as those asserted by Hanner. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed 714 (1908) (recognizing an exception to state sovereign immunity where plaintiff seeks prospective injunctive or declaratory relief)). Hanner's brief prepared by appointed counsel fails to mention the favorable termination rule

entirely.[1]  Because Hanner has failed to address the district court's holding on *Heck* and the favorable

termination rule, the district court's unchallenged ruling stands for purposes of this appeal.

Even if we put aside Hanner's waiver on the favorable termination issue and consider the

merits of the arguments he has raised on appeal, we find no error in the district court's alternative

rulings.  The district court correctly concluded that the doctrine of judicial immunity would shield

from liability all of the courts and any court personnel Hanner might name as defendants.  "It is well

established that judges are entitled to absolute judicial immunity from suits for money damages for

all actions taken in the judge's judicial capacity, unless these actions are taken in the complete

absence of any jurisdiction."  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v.

Waco,* 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam)).  This immunity extends to

officials who execute or enforce a court order because those acts are "intrinsically associated with

a judicial proceeding."  *Bush*, 38 F.3d at 847-48; *see also Foster v. Walsh*, 864 F.2d 416, 417-18 (6th

Cir. 1988) (holding that clerk of court was entitled to immunity from § 1983 suit based on erroneous

issuance of arrest warrant).  Therefore, the district court did not err in dismissing Hanner's claims

against the Third Judicial Circuit Court, the 20th District Court Administrator, and the Appeals

Court Administrator.

---

[1] It is true that this Court instructed appointed counsel to address a specific set of issues, and the district court's ruling on *Heck* and the favorable termination rule was not one of them. However, the Court's order did not limit briefing to the issues listed and expressly stated that discussion of the specified issues was "in addition to any other arguments that counsel may wish to raise."  Therefore, the failure to address *Heck* in the brief prepared by appointed counsel amounts to a waiver of the issue.

Likewise, the district court did not err in dismissing Hanner's claims against the City of Dearborn Heights and its departments. "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) (citing *Powers v. Hamilton Cnty. Pub. Defender Comm'n,* 501 F.3d 592, 606–07 (6th Cir. 2007); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Hanner failed to allege the existence of a municipal custom or policy that was the moving force behind the alleged deprivation of his constitutional rights. For example, Hanner could have but did not plead the existence of a municipal policy or custom that resulted in jailing citizens or issuing arrest warrants without probable cause in violation of the Fourth Amendment. Therefore, the district court's dismissal of Hanner's claims against the City of Dearborn Heights and its departments was proper.

For similar reasons, the district court did not err in dismissing Hanner's claims against the Mayor of Dearborn Heights. Although Hanner's complaint does not state whether his claims are against the Mayor in his official capacity or individual capacity, this omission is not critical in this case.[2] Any claim against the Mayor in his official capacity is simply a claim against the City of Dearborn Heights itself. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). Having already concluded that dismissal of Hanner's claims against the City was proper, his claims against

---

[2] We note that Hanner did seek leave to amend his complaint and allege a claim against the Mayor in both his official and individual capacity. We discuss the district court's ruling on that motion below.

the Mayor in his official capacity are subject to dismissal for the same reasons. As for Hanner's

claims against the Mayor in his individual capacity, the Mayor would only be subject to liability

under § 1983 if Hanner alleged that the Mayor was personally involved in the deprivation of his

rights. *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Hanner has alleged

no such personal involvement on the Mayor's part. Therefore, the district court did not err in

dismissing Hanner's claims against the Mayor.[3]

### C. Eighth Amendment Claim

Hanner's complaint alleged that the Dearborn Heights Police Department denied him the use

of his crutch during his brief confinement in the lock-up area in violation of the Eighth Amendment.

The district court dismissed this claim concluding that Hanner had not alleged any injuries resulting

---

[3] Hanner originally named the State of Michigan as well as Governor Jennifer Granholm as defendants in his complaint. Governor Granholm filed a motion to dismiss, and before the district court ruled on the motion, the parties stipulated to the dismissal of any claim against Governor Granholm. Order Dismissing Def. Granholm, Apr. 4, 2008. The district court also granted a separate motion to dismiss any claim against the State of Michigan on the grounds that the state enjoyed sovereign immunity. Order Adopting Report and Recommendation, July 8, 2008. Hanner has not argued that the district court dismissed these parties in error and has therefore waived review of these holdings on appeal.

Even though Hanner did not mention the State of Michigan or Governor Granholm in his opening brief, Governor Granholm filed a response on appeal to which Hanner replied. Governor Granholm asserted that she was immune from suit and that Hanner had waived any appeal as to his claims against her. Gov.'s Resp. Br. 15-18. In his reply, Hanner stated that he only named Governor Granholm in his suit because she had authority to order a department of the State of Michigan to produce a copy of his arrest warrant. Pro Se Reply Br. 3 ("If I was given a copy of the Arrest Warrant and associated Complaint prior to filing this action (sic) I would have never mentioned Governor Granholm."). Under the circumstances, we need not consider whether Hanner has stated a claim against Governor Granholm.

from the denial of his crutch and that this treatment was *de minimis* and otherwise did not shock the conscience.

We agree with the district court that the confiscation of Hanner's crutch for a period of hours did not result in a violation of his constitutional rights. "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Similar rights are guaranteed to pretrial detainees by the Due Process Clause of the Fourteenth Amendment, which provides the same deliberate-indifference standard of care as the Eighth Amendment. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494-95 (6th Cir. 2008). A deliberate indifference claim has both objective and subjective components. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted). For the objective component, the plaintiff must show that "the medical need at issue is sufficiently serious." *Id.* (quotation omitted). For the subjective component, the plaintiff must show that "prison officials have a sufficiently culpable state of mind in denying medical care." *Id.* (quotation omitted).

Here Hanner has not alleged that his need for his crutch was sufficiently serious under the circumstances to rise to the level of a constitutional violation. Hanner has pled only that he is disabled and that the cot in the holding cell was a few inches off the ground. The record Hanner attached to his pleadings indicates that Hanner was deprived of his crutch for only a few hours before he was released. There is no allegation that Hanner was ever required to walk, or even move from the holding cell, without the aid of his crutch. Based on his failure to plead any injury and the fact

that he was denied the use of his crutch for a matter of a few hours, Hanner has not stated a claim for deliberate indifference to a serious medical need.

Even if he had, we would still affirm the district court's decision on other grounds. *Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009) ("we may affirm on any supportable ground, even if the district court invoked other grounds for its ruling") (citation omitted). Hanner's complaint alleged that the City of Dearborn Heights Police Department was liable for taking away his crutch and violating his right to be free from cruel and unusual punishment. Compl. ¶ 24. As previously discussed, Hanner has failed to identify a municipal policy or custom in support of a constitutional claim against the City of Dearborn Heights or its police department. Hanner has also mentioned in passing that "the jailer would not let me have the crutch even though I asked him." *Id.* The pleadings, however, do not name as a defendant the jailer who took Hanner's crutch away or seek to hold the jailer liable for this conduct. Therefore, we affirm the district court's dismissal of Hanner's Eighth Amendment claim.

## II.    Motion to Amend

Finally, Hanner argues that the district court erred in denying his motion to amend his complaint. Hanner sought leave to amend for the purpose of naming additional defendants, including employees of the Dearborn Heights Building Department, the Dearborn Heights chief of police, seven state court judges, and three employees of the 20th District Court. Hanner also sought to add multiple John Doe or Jane Doe defendants such as "the prosecuting official, peace officer of warrant, of incarceration et al." in their official and individual capacities. *Id.* The magistrate judge denied the motion, reasoning that the proposed amendment would be futile. The same magistrate

judge had already issued a report and recommendation on the motion to dismiss Hanner's original complaint. The magistrate judge concluded that any claims brought against the new defendants named in the amended complaint would be subject to dismissal for the same reasons set forth in the report and recommendation.

The Federal Rules of Civil Procedure allow a plaintiff to amend his pleadings "once as a matter of course" and thereafter "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* Nevertheless, a motion to amend a complaint should be denied if, among other reasons, the amendment would be futile, which is to say it would not withstand a motion to dismiss. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). Generally, we review the denial of a motion to amend under the abuse-of-discretion standard, "unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is de novo." *Id.* (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 437 (6th Cir. 2008)).

We find no error in the denial of Hanner's motion to amend. Hanner sought only leave to add more defendants, not additional allegations. Because the district court concluded that Hanner had failed to state a claim in his original complaint, it was not error to deny his motion to amend where he only added more defendants without new allegations to cure the defects in his pleadings. Several of the defendants Hanner proposed to add were judges or court employees who would have had judicial immunity for the reasons we have already discussed. Any amended complaint naming them would be subject to dismissal. Other proposed defendants were City of Dearborn Heights

employees named in their official and individual capacities. In the absence of new allegations, any official capacity claim against these employees would actually be claims against the City and subject to dismissal for failure to plead a municipal policy or custom. Any individual capacity claim against these employees, without additional allegations about their personal involvement in Hanner's case, would also be subject to dismissal. As for the proposed Doe defendants, there is simply no information to describe whom Hanner referred to as "peace officer of warrant, of incarceration, et al." or any additional allegations to connect these Doe defendants to Hanner's case. Even if we were to assume that "peace officer . . . of incarceration" referred to the jailer who confiscated Hanner's crutch, Hanner has still failed to plead any facts about the jailer's conduct, much less sufficient facts to show the jailer's deliberate indifference. In light of our holding that dismissal of Hanner's complaint was proper, it also was proper for the district court to deny the motion to amend.

For all of these reasons, we **AFFIRM** the judgment of the district court.