**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0037n.06

Case No. 20-3139

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 19, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| THOMAS CALVEY, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| VILLAGE OF WALTON HILLS, OHIO, | ) | OHIO |
| VILLAGE OF WALTON HILLS POLICE | ) | |
| DEPARTMENT, DAVID KWIATKOWSKI, | ) | |
| and THOMAS CERCEK, | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |

BEFORE: COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

SILER, Circuit Judge. Plaintiff Thomas Calvey appeals the district court's grant of summary judgment in favor of Defendants on all of Plaintiff's federal constitutional and state constitutional and common law claims in this 42 U.S.C. § 1983 action. We **AFFIRM**.

**FACTUAL AND PROCEDURAL HISTORY**

In 2017, the brother and mother of Plaintiff purchased and titled, in the names of the brother and mother only, a home located in Walton Hills, Ohio. In March 2018, Plaintiff moved into that residence.

On June 7, 2018, Plaintiff's brother called the Village of Walton Hills Police Department to report that Plaintiff suffered an injury. Police Department Chief Stanley Jaworkski, Sergeant David Kwiatkowski, and Officers Thomas Cercek and Thomas Koth responded, as domestic violence was suspected. It was determined that Plaintiff's brother assaulted Plaintiff. On June 21, 2018, Plaintiff's brother pleaded guilty to a reduced charge stemming from his assault on Plaintiff. On June 22, 2018, Plaintiff obtained an ex parte Domestic Violence Protection Order against his brother. Among other things, the order granted Plaintiff "exclusive possession of the residence" and ordered "law enforcement agencies, including but not limited to WALTON HILLS POLICE . . . to remove [Plaintiff's brother] from" the residence. That order did not mention Plaintiff's mother. The day after the issuance of the order, an officer removed Plaintiff's brother from the residence.

Between June 15, 2018, and July 27, 2018, Plaintiff's mother received care for an injury she sustained during the incident and did not reside in the residence during that time. However, on July 16, 2018, Plaintiff's mother obtained an ex parte Domestic Violence Protection Order of her own against Plaintiff. That order prevented Plaintiff from entering the residence "even with the permission of [Plaintiff's mother]."

On July 27, 2018, Plaintiff's mother called the Village of Walton Hills Police Department in an attempt to remove Plaintiff from the residence pursuant to her domestic violence order. Sergeant Kwiatkowski and another officer responded to the call. A decision was made to allow Plaintiff to remain in the home but to be confined to certain areas of it. The officers warned Plaintiff that he was not to have contact with his mother or else he would be arrested.

On July 28, 2018, Plaintiff's mother called the police department twice. In her first call, she alleged that Plaintiff had stolen her mail. About an hour later, she called again and stated that Plaintiff was in the kitchen screaming and yelling at her. Officer Cercek and another officer responded both times and informed Plaintiff's mother that she could be arrested for giving false information, to which she then admitted that Plaintiff had not been screaming or yelling at her.

On July 29, 2018, Plaintiff's mother again called the police department and stated that she was having difficulty breathing after an encounter with Plaintiff. She told Kwiatkowski, the responding officer, that she could not find cereal and bread to make breakfast. She said that Plaintiff told her that the food was his and that she was not allowed to have it and started yelling at her. Kwiatkowski told Plaintiff that he was going to remove Plaintiff from the premises in fifteen minutes, to which Plaintiff then agreed to leave. After Plaintiff left the residence, Kwiatkowski permitted Plaintiff's brother to return to the residence.

On July 30, 2018, Kwiatkowski notified all police department personnel that state court clarification was needed on the competing domestic violence orders, and until such clarification was obtained, Plaintiff should be arrested if he returned to the residence.

On January 11, 2019, that clarification came—the state court issued a final order granting Plaintiff exclusive possession of the premises. Although Plaintiff's mother was, once again, not named as a respondent on the order, the order states, "[t]he Court finds that the exclusion of [Plaintiff's mother] . . . from the . . . residence . . . is equitable and fair to bring about the cessation of domestic violence against [Plaintiff]." On January 28, 2019, Sergeant Walsh and two other officers of the Police Department removed Plaintiff's brother from the premises but refused to remove Plaintiff's mother without an eviction notice. Plaintiff's mother and brother permanently left the residence in February 2019, taking Plaintiff's personal property with them.

Plaintiff brought suit against the Village of Walton Hills, the Village of Walton Hills Police Department, Sergeant Kwiatkowski, and Officer Cercek for violation of Plaintiff's civil rights. The district court granted summary judgment in favor of all Defendants on all claims. The court first recognized that the Village of Walton Hills Police Department is not a suable entity, as it is simply a sub-unit of the Village of Walton Hills, and thus dismissed all of Plaintiff's claims against it. Next, the district court dismissed Plaintiff's claims against the Village of Walton Hills and the individual defendants in their official capacities, as Plaintiff "failed to allege a claim under *Monell* regarding any policy, custom, or failure to train." It also recognized that Plaintiff's failure to establish an underlying constitutional violation prohibited municipal liability. The district court then dismissed Count One of Plaintiff's Complaint as asserted against Kwiatkowski and Cercek. It found that Plaintiff failed to establish the requisite property right in the residence and in the enforcement of the domestic violence orders to maintain federal procedural and substantive due process claims. The district court also found that qualified immunity applied to bar Plaintiff's claims against Kwiatkowski and Cercek. Next, it dismissed Count Two of Plaintiff's Complaint after finding it to be duplicative of Count One. As for Plaintiff's claim for a violation of the Ohio Constitution, the district court found that the only Ohio constitutional provision Plaintiff relied upon, Article I, Section 16, did not afford a private right of action for the violation of that provision. Finally, it dismissed Plaintiff's intentional infliction of emotional distress claim against the Village and the officers in their official and individual capacities.

**DISCUSSION**

We review the district court's grant of summary judgment *de novo*, interpreting all evidence in the light most favorable to the non-moving party and drawing "all justifiable

inferences" in its favor. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

As an initial matter, Plaintiff makes no attempt to challenge the district court's dismissal of the Village of Walton Hills Police Department from this litigation or the district court's dismissal of Count Two of Plaintiff's Complaint as duplicative of Count One. We therefore find these issues waived. *See Guilmette v. Howes*, 624 F.3d 286, 292 (6th Cir. 2010) ("Our general rule is that '"[a]n appellant abandons all issues not raised and argued in its initial brief on appeal."'" (citation omitted)). On the issues Plaintiff has appealed, he proffers no reason warranting reversal.

## I. Federal Claims

### A. Claims Against Individual Defendants

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Although Plaintiff claims a violation of his Fourteenth Amendment rights to substantive and procedural due process, he has not shown a violation of a "clearly established" right.

Just as he did before the district court, Plaintiff argues that he had a constitutionally-protected property interest in the residence and in the enforcement of his two domestic violence orders. So, Plaintiff argues, three alleged deprivations of property in violation of the Due Process Clause of the Fourteenth Amendment occurred: (1) when officers removed Plaintiff from the residence on July 29; (2) when his brother was permitted to return to the residence after Plaintiff's removal in violation of the June 22 domestic violence order; and (3) when officers refused to

remove his mother from the premises on January 28 in violation of the January 11 domestic violence order.

### 1.       Removal of Plaintiff from the Residence on July 29, 2018

Plaintiff points to no source of law providing for a clearly established right belonging to Plaintiff prohibiting officers from removing him from the residence when officers were faced with the mother's legitimate domestic violence order prohibiting Plaintiff from entering the residence "even with the permission of [Plaintiff's mother,]" which officers, pursuant to Ohio law, are authorized to enforce. *See* O.R.C. § 3113.31(F)(4) ("[A]ny officer of a law enforcement agency shall enforce a protection order issued . . . by any court in this state in accordance with the provisions of the order[,] . . . including removing the respondent from the premises, if appropriate."); *cf. Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995) (finding that officers who executed a civil protection order pursuant to O.R.C. § 3113.31 were entitled to qualified immunity from the plaintiff's due process claims). As such, the individual defendants in this case are entitled to qualified immunity from Plaintiff's federal constitutional claims stemming from his July 29, 2018 removal from the residence.

### 2.       Non-Enforcement of Plaintiff's June 22 and January 1 Domestic Violence Orders

Neither can Plaintiff claim a violation of a clearly established right in officers' non-enforcement of the provisions in his domestic violence orders providing for the removal of his brother and mother from the residence.

In *Town of Castle Rock v. Gonzalez*, 545 U.S. 748 (2005), the Supreme Court was tasked with determining "whether an individual who has obtained a state-law restraining order has a constitutionally-protected property interest in having the police enforce the restraining order when they have probable cause to believe it has been violated." *Id.* at 750–51. The Court found that

without some stronger indication from the Legislature "that police have no discretion to enforce protective orders" than "shall use every reasonable means to enforce a restraining order (or even 'shall arrest . . . or . . . seek a warrant')[,]" a person possesses no constitutionally-protected property right in the enforcement of a restraining order. *Id*. at 768; *see also Hudson v. Hudson*, 475 F.3d 741, 743–46 (6th Cir. 2007).

The most pertinent statute to the case *sub judice* is O.R.C. § 3113.31(F)(4), which provides in relevant part, "[A]ny officer of a law enforcement agency shall enforce a protection order issued . . . by any court in this state in accordance with the provisions of the order . . . , including removing the respondent from the premises, *if appropriate*." (emphasis added). Although it is debatable whether "if appropriate" modifies "shall enforce a protection order issued . . . in accordance with the provisions of the order" or "including removing the respondent from the premises," either reading of the aforementioned provision instructs officers to exercise discretion in determining whether to remove the subject of a domestic violence order from a particular location.

It is true that some language in the orders appears to issue an unequivocal mandate to officers to remove Plaintiff's mother and brother from the residence. However, the presence of other, seemingly contradictory, language in the orders and Ohio statutes, particularly O.R.C. § 3113.31(F)(4), coupled with the "[t]he deep-rooted nature of law-enforcement discretion, even in the presence of seemingly mandatory legislative commands" recognized in *Castle Rock*, 545 U.S. at 761, and *Hudson*, 475 F.3d at 744, 746, precludes us from finding that Plaintiff possessed a "clearly established right" to law enforcement's removal of Plaintiff's brother and mother from the residence.

### B.  *Monell* Liability

The district court granted summary judgment in favor of Defendants on Plaintiff's purported *Monell* claims on two bases.  First, the district court found that "[P]laintiff failed to allege in his Complaint the existence of a policy or custom of tolerance for federal rights violations, and has not sought leave to amend his Complaint to add such allegations."  Second, the district court found that because no underlying constitutional violation existed here, *Monell* liability was not available.

Plaintiff does not address in his briefs the district court's finding that Plaintiff did not properly plead a *Monell* claim in his Complaint.  As such, Plaintiff waived his challenge to the district court's dismissal of his purported *Monell* claims.  *See Hanner v. City of Dearborn Heights*, 450 F. App'x 440, 444 (6th Cir. 2011) ("We have held that where a district court grants a motion to dismiss on the basis of two, alternative holdings, an appellant who challenges only one of the holdings waives both issues on appeal." (citing *White Oak Prop. Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 854 (6th Cir. 2010) (concluding that a party waived its appeal of the district court's dismissal of its claim where appellant failed to address both of the lower court's alternative holdings))).

## II.  State Law Claims

The entirety of Plaintiff's argument that the language of Article I, Section 16 of the Ohio Constitution affords a private right of action for its purported violation is his conclusory statement that this constitutional provision "clearly provides for a civil damage remedy . . . ."  We therefore find that he has waived this argument.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("The plaintiffs have offered no real analysis as far as their state law false-arrest claim is concerned. . . . '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" (citations omitted)). Similarly, and as with Plaintiff's failure to rebut one of the district court's alternative holdings justifying the dismissal of his *Monell* claims, Plaintiff fails to rebut the district court's finding that Plaintiff did not establish the requisite "serious emotional distress" to be able to maintain an intentional infliction of emotional distress claim. For that reason, this argument is also waived.

**AFFIRMED**.