NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0353n.06

Case No. 21-6253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Aug 23, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DAN E. HALE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| DON HALE, Individually, and as Trustee for the HRC Medical Defined Benefit Plan, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| Plaintiff - Appellant, | ) | |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE ex rel. HERBERT HARRISON SLATERY, III, Attorney General and Reporter, HOGDEN MAINDA, | ) | OPINION |
| Defendants - Appellees. | ) | |

Before: GIBBONS, ROGERS, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The State of Tennessee sued HRC Medical Centers, Inc. ("HRC") in state court for violations of the Tennessee Consumer Protection Act, resulting in liquidation of HRC's assets. HRC and its shareholders, Dan and Don Hale, filed claims before the Tennessee Claims Commission ("TCC"), alleging that the liquidation was unlawful. The Hales also sued in federal court, seeking a declaratory judgment that HRC's employee benefit plan was a viable plan under the Employment Retirement Income Security Act of 1974 ("ERISA") and that liquidation of the plan's account in the state court was unlawful. The district court dismissed the complaint, finding that the ERISA claim was waived when complaints were filed before the TCC, and alternatively, that the court would not exercise its discretion to grant declaratory relief. We affirm.

**I**

Brothers Dan and Don Hale are the sole shareholders of HRC, which provides bio-identical hormone replacement therapy. In October 2012, Tennessee sued HRC in state court, alleging that HRC violated the Tennessee Consumer Protection Act. The state court appointed a *pendente lite* receiver, John McLemore, to marshal and control HRC's assets. Through the liquidation process, McLemore withdrew $646,027.74 from a bank account. The Hales contend that the account was for the HRC Medical Defined Benefit Plan (the "Plan") and that this Plan is governed by ERISA.

In April 2014, the Hales, in their individual capacities, HRC, HRC Medical Centers Holdings, LLC, and HRC Management, LLC filed claims before the TCC. The identical complaints were consolidated. The claimants alleged that during the state court action, Tennessee unlawfully liquidated claimants' property interests, totaling several million dollars. The TCC suit was consolidated with the state court action.

In November 2014, Dan Hale, individually and for the Cardinal Revocable Trust, and Don Hale, individually and as trustee for the HRC Medical Defined Benefit Plan, sued the State of Tennessee in federal district court.[1] Among other claims, they sought a declaratory judgment that the Plan remains viable and subject to ERISA, an order compelling McLemore to return the $646,027.74 to the Plan, and a finding that McLemore breached his fiduciary duty. The district court administratively closed the case pending exhaustion of the state court proceedings.

In August 2019, the Tennessee Court of Appeals affirmed a judgment against HRC for $18,141,750.00, and the Tennessee Supreme Court declined to accept further review. *State ex rel. Slatery v. HRC Med. Ctrs., Inc.*, 603 S.W.3d 1, 7 (Tenn. Ct. App. 2019). The Hales informed the

---

[1] The Hales also sued McLemore and Julia Mix McPeak, in her official capacity as Commissioner of Commerce and Insurance, but both defendants were dismissed.

district court that the state proceedings were concluded and asserted that a single issue remained: the ERISA-based claim for declaratory relief against the State. The complaint described the remaining claim as follows:

> **Enforcement of Applicable ERISA Statutes.** Plaintiffs seek from the Court a finding that the **HRC Medical Defined Benefit Plan** remains a viable defined benefit plan, which must be governed by the provisions of 29 U.S.C. § 1144, et seq. In furtherance of that finding, Plaintiffs seek entry of an order compelling that the state court Receiver deposit with the Trustee of the plan the entirety of the fund of $646,027.74, to be placed in a FDIC insured bank so that it may be administered for the benefit of the plan beneficiaries. Plaintiffs further seek a finding from the Court that the removal of the ERISA-governed funds by the Receiver, in contravention of the applicable federal statutes and regulations, constitute [sic] a breach of fiduciary duty, and that the damages, penalties and sanctions set forth in 29 U.S.C. § 1132(c) may be assessed to the Commissioner and her Receiver, including $100.00 per day statutory penalty. Alternatively, in the event the Court permits the Receiver to continue to hold the disputed ERISA funds, Plaintiffs request that the Court require that the Receiver post a performance bond in accordance with the requirements of T.C.A. § 17-1-201 (**Appointment of Receivers**), a mandatory statutory requirement which was not imposed by the trial court. Plaintiffs assert that the Defendants, and agents acting on their behalf, have possessed documentation which confirms the existence, and continued legal viability, of an ERISA plan which directs and controls, through its trustee, the exempt funds which have been unlawfully seized and held by a non-bonded receiver.

DE 1, Compl., Page ID 10–11.

The State moved to dismiss the remaining claim for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state claim under Rule 12(b)(6). The district court granted the motion. The court found that the Hales waived their federal claim by filing claims before the TCC. While the court was skeptical that this waiver deprived it of jurisdiction, the Hales did not argue otherwise. Therefore, the court determined it lacked jurisdiction and dismissed the claim without prejudice under Rule 12(b)(1). Alternatively, the court explained that even if the Hales had not waived their claim, the court would not exercise its discretion to grant declaratory

relief. Don Hale,[2] individually and as trustee of the Plan, appealed, arguing that the district court erred in dismissing the ERISA claim.

## II

We review the district court's dismissal de novo. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). The district court dismissed the ERISA claim on two alternative bases: (1) the court lacked jurisdiction because the claim was waived with the filing of claims before the TCC; and (2) the court declined to exercise its discretion to grant declaratory relief. Because resolution of the second basis for dismissal is dispositive, we need not reach the waiver issue and affirm.

The district court reasoned that "[i]n the alternative to finding that the claim has been waived because Plaintiffs proceeded before the TCC, the Court would exercise its discretion to deny declaratory relief." *Hale v. Tennessee*, 2021 WL 4221613, at \*10 (M.D. Tenn. Sept. 14, 2021). Hale failed to argue in his initial brief that the district court erred in this finding. In his reply brief, Hale argues he did not forfeit[3] any argument because he "directly addressed the reasons and the error resulting from [the] trial court's discretionarily declining to grant equitable relief." CA6 R. 16, Reply Br., at 3–8 (emphasis omitted). But Hale's initial brief did not address the Declaratory Judgment Act or the court's analysis about whether to exercise its discretion. Hale's argument that he implicitly addressed the district court's ruling is not persuasive, and addressing the issue in his reply brief is insufficient. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)

---

[2] As Don Hale is the only appellant, "Hale" for the remainder of this opinion refers to Don Hale.

[3] "Though attorneys (and even courts) often use [waiver and forfeiture] 'interchangeably,' they are distinct." *United States v. Petlechkov*, 922 F.3d 762, 767 (6th Cir. 2019) (citation omitted). "'[F]orfeiture is the failure to make the timely assertion of a right,' while 'waiver is the intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Hale *forfeited* his argument here.

("We have consistently held . . . that arguments made to us for the first time in a reply brief are [forfeited].").  Because Hale failed to argue the district court erred in its alternative holding regarding its discretion to deny declaratory relief, Hale has forfeited the argument.  *See Hanner v. City of Dearborn Heights*, 450 F. App'x 440, 444 (6th Cir. 2011).

Even if we were to find that Hale did not forfeit the argument, the claim fails on the merits.  "We review the denial of a request for injunctive or declaratory relief for abuse of discretion."  *Savoie v. Martin*, 673 F.3d 488, 495 (6th Cir. 2012).  Under the Declaratory Judgment Act, in "a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The act "confers a discretion on the courts rather than an absolute right upon the litigant."  *Green v. Mansour*, 474 U.S. 64, 72 (1985) (citation omitted).  The district court should consider five factors when determining whether to grant declaratory relief:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Savoie*, 673 F.3d at 496 (citation omitted).  "We have never indicated the relative weights of those factors," but instead have left the analysis "to the district court's discretion, to be judged based on the facts of each case."  *Banks Eng'g, Inc. v. Nationwide Mut. Ins. Co.*, 2022 WL 203332, at *3 (6th Cir. Jan. 24, 2022) (quoting *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019)) (cleaned up).  "Given that substantial discretion, our review is quite modest."  *Id.* "Practically speaking, so long as the district court offered a reasoned basis for declining

jurisdiction, we generally do not substitute our judgment for its." *Id.* "The essential question [on review] is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

Here, the district court considered the five relevant factors. It found the first two factors weighed in favor of granting declaratory relief and the third factor appeared irrelevant. The court found the last two factors weighed strongly against granting declaratory relief. The court determined that a declaration regarding the ERISA claim could "increase friction between federal and state governments," and "potentially could . . . infringe on a previous TCC decision." *Hale*, 2021 WL 4221613, at *10. The court emphasized that while the TCC could not decide an ERISA claim, it could grant monetary damages.

In his reply brief, Hale argues the district court's analysis was faulty because it relied on the erroneous assumption that the Plan was part of the state court proceedings. But the district court explicitly noted that its finding under the Declaratory Judgment Act was "[i]n the alternative to finding that the [TCCA] claim has been waived." *Id.* Therefore, the district court was not relying on its analysis of waiver in deciding whether to exercise its discretion. Under these circumstances, where the district court "identified the proper standard, analyzed the five pertinent factors, and issued a reasoned opinion," the district court did not abuse its discretion in declining to issue declaratory relief.[4] *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, 759 F. App'x 431, 443 (6th Cir. 2018); *see also Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pitt.*, 29 F.4th 792, 802 (6th Cir. 2022).

---

[4] We make no finding as to the district court's dismissal based on the TCCA and waiver, but we are doubtful the Hales and HRC waived the rights of the Plan where there is no indication that Don Hale was acting as Plan trustee before the TCC.

**III**

The district court dismissed the ERISA claim because it found the claim waived under the TCCA and because it declined to grant declaratory relief. We need not reach the waiver issue because the district court properly exercised its discretion in determining not to grant declaratory relief. We affirm.